STATE OF NEBRASKA, APPELLEE, v. MERLE W. BURNSIDE, APPELLANT.

175 N. W. 2d 1

Filed February 27, 1970. No. 37429.

Merle W. Burnside, pro se.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is a prosecution for burglary. The defendant Merle Burnside was charged in Hall County, Nebraska, with burglary and with being an habitual criminal. On pleading guilty to the burglary charge, the habitual criminal charge was dismissed and defendant was sentenced to 3 to 10 years in the Nebraska Penal and Correctional Complex. Defendant has appealed, without first moving for a new trial, to vacate sentence, or to withdraw his plea of guilty.

Defendant, appearing pro se, has assigned numerous errors. He complains of the overruling of a plea in abatement, a motion for change of venue, and a motion to suppress evidence. These complaints have been waived by the plea of guilty. A plea of guilty, voluntarily entered, is conclusive and eliminates all questions of admissibility of evidence. See State v. Decker, 181 Neb. 859, 152 N. W. 2d 5. A plea of guilty waives all defenses except that the information fails to charge an offense. See Wolff v. State, 172 Neb. 65, 108 N. W. 2d 410.

The defendant, prior to entering his plea of guilty, moved to disqualify the presiding judge. In support of his motion, he testified that 16 years before, the judge, then county attorney, had prosecuted him on a criminal charge; that in 1966 he had an unsatisfactory post conviction matter before the judge; and that while in jail he had been prevented from visiting with an accomplice. The judge stated he had no recollection of either the defendant or his past record and that he had not, by order or otherwise, interfered with defendant's visiting privileges while in the county jail. The charge of disqualification due to bias or prejudice is without foundation and was properly overruled.

It is asserted that defendant's plea of guilty was induced by coercion, incompetency of counsel, and a misleading statement as to the right to counsel on appeal. In regard to appellate counsel, the record clearly reflects that defendant had insisted on pleading guilty prior to his being misinformed on the subject and this could not have induced the plea. The record is entirely devoid of anything that indicates, in the slightest degree, coercion or incompetency of counsel.

In the present instance, the defendant has failed to call alleged errors occurring prior to sentence to the attention of the trial court. Ordinarily, preliminary to an appeal, assigned errors must be presented to and ruled upon by the trial court. This serves a twofold purpose. It affords opportunity for the trial court to correct its own

errors and often enables a litigant to make a record upon which to found an appeal. The defendant failed to avail himself of this opportunity.

Finally, it is said that the sentence pronounced against defendant is at once illegal and excessive. Both charges are without merit. The indeterminate sentence of not less than 3 nor more than 10 years is specifically authorized by statute. See § 28-532, R. R. S. 1943. "Where the punishment of an offense created by statute is left to the discretion of a court to be exercised within certain prescribed limits, a sentence imposed within such limits will not be disturbed unless there appears to be an abuse of such discretion." Taylor v. State, 159 Neb. 210, 66 N. W. 2d 514.

No error appearing, the judgment of the district court is affirmed.

AFFIRMED.

WHITE, C. J., not participating.