STATE OF NEBRASKA, APPELLEE, v. RICHARD HAMILTON, APPELLANT.

190 N. W. 2d 862

Filed October 22, 1971. No. 37927.

Robert G. Scoville of Ryan & Scoville and P. F. Verzani, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

Defendant was charged with murder in the first degree and subsequently entered a plea of guilty to murder in the second degree. He now contends that the plea entered was not voluntary. We affirm the judgment of the district court.

Defendant asserts that two factors render his plea involuntary: First, the denial of a change of venue; and second, the denial of bail. The theory apparently is that these factors overwhelmed this 18-year-old defendant to the extent that, notwithstanding he was in touch with his parents and his attorney, he was thereby induced to plead guilty to the lesser charge. We are at a complete loss to understand how these factors could bring about an involuntary plea. Furthermore, at the time defendant entered his plea of guilty and was sentenced, he assured the court that he fully understood the reduction of the charge to second degree murder and the penalty, was acting freely and voluntarily without any promises or threats, and that he had discussed the matter with his parents and his attorney.

It further appears that in the eyes of the law, defendant was not the victim of any injustice. A plea of guilty, voluntarily entered, waives any objection to the overruling of a motion for a change of venue. See State

v. Burnside, 185 Neb. 234, 175 N. W. 2d 1. Article I, section 9, Constitution of Nebraska, renders murder a nonbailable offense "where the proof is evident or the presumption great." In the present case, the circumstances surrounding the offense not only raised a positive presumption of guilt but were practically conclusive.

We are unable to note any error in the record before us and are necessarily constrained to affirm the judgment of the district court.

AFFIRMED.