STATE OF NEBRASKA, APPELLEE, v. CHRISTOPHER LEGEAR, APPELLANT.

193 N. W. 2d 763

Filed January 28, 1972. No. 38176.

Bennett G. Hornstein, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold S. Salter, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The defendant appeals from a conviction for unlawful sale of cannabis upon a plea of guilty. At the arraignment on October 5, 1970, the defendant pleaded not guilty. On March 25, 1971, the defendant appeared with private counsel and obtained leave to withdraw the plea of not guilty and enter a plea of guilty.

At this hearing the district judge advised the defendant as to his rights and addressed him personally to determine that the plea was voluntary and was entered intelligently and understandingly. Inquiry was made as to plea bargaining, and the county attorney advised the court that a separate charge for sale of LSD was to be dismissed in exchange for the plea of guilty in this case. The defendant acknowledged that this was his understanding of the plea bargain; that there had been no promise of leniency; and that the court was not a party to the plea bargaining and was not bound by it.

On May 17, 1971, when the defendant appeared for sentencing, the defendant's counsel moved for leave to withdraw the plea of guilty and for leave to withdraw as counsel for the defendant. Both motions were overruled and the defendant was sentenced to imprisonment for 3 to 5 years. The defendant is now represented by other counsel.

There was no evidence offered in support of either motion at the hearing on May 17, 1971. The showing made consisted of statements by the defendant and his counsel to the court at the hearing.

The defendant's counsel stated there had been an arrangement with the county attorney's office and the police that if the defendant could make a purchase of heroin, or assist in the identification of a person selling heroin, a recommendation for probation would be made; and that the defendant had made two attempts to carry out the arrangement but was unsuccessful. The defendant's counsel further stated the defendant had said that he was not satisfied with the course of the pro-

ceedings; that he thought he was not guilty; that he thought the State could not prove its case; and that he wanted another lawyer. The defendant's counsel further stated that he did not agree with the defendant's present position in the case.

The defendant stated that he did not feel guilty; that he would like to stand trial; that he was under the impression there would be a recommendation of probation; and that he did not understand a recommendation by the county attorney was not binding on the court.

The defendant contends that the motion to withdraw the plea of guilty should have been sustained because there had been a breach of a plea bargain and the record does not show that the trial court ascertained there was a factual basis for the plea.

The record fails to show any breach of a plea bargain. The bargain which was disclosed at the hearing on March 25, 1971, was fully performed. The arrangement for a recommendation of probation, not disclosed until the hearing on May 17, 1971, was conditioned upon the defendant making a purchase of heroin, or identifying a seller. The defendant did not perform his part of the arrangement so there was no basis for a withdrawal of the plea on this ground.

At the hearing on March 25, 1971, the trial court made no inquiry of the defendant to determine that there was a factual basis for the plea of guilty. The Standards Relating to Pleas of Guilty, promulgated by the American Bar Association, require that the court satisfy itself there is a factual basis for the plea. The standards further require that the record of the proceedings include the inquiry into the accuracy of the plea. See Standards Relating to Pleas of Guilty, Approved Draft, 1968, § 1.6, p. 30, and § 1.7, p. 34. In State v. Turner, 186 Neb. 424, 183 N. W. 2d 763, decided February 11, 1971, we said the Standards Relating to Pleas of Guilty should be the minimum procedure for the taking of guilty pleas in this state.

Although the trial court is not required to determine that there is a factual basis for a plea of guilty by inquiring of the defendant, that may be the most satisfactory method in many cases. See McCarthy v. United States, 394 U. S. 459, 89 S. Ct. 1166, 22 L. Ed. 2d 418. Inquiry of the county attorney or examination of the presentence report have been suggested as alternative methods in a proper case.

The record in this case suggests that the trial court relied upon defense counsel in determining that there was a factual basis for the plea. At the hearing on May 17, 1971, the trial court questioned the defendant's counsel as to whether he thought and believed the defendant was guilty at the time of the hearing on March 25, 1971. Although the defendant's counsel did not respond directly, his remarks implied that he had believed the defendant was guilty.

Reliance upon defense counsel as a method to determine the accuracy of the plea has been disapproved. See, United States v. Cody, 438 F. 2d 287 (8th Cir.); United States v. Tucker, 425 F. 2d 624 (4th Cir.). In the Tucker case the court said: "Nor do generalized admissions or statements by a defendant's counsel meet the requirement that the court be satisfied that there is a factual basis for the plea from the defendant's own admission that he engaged in conduct which constitutes the charged offense."

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

NEWTON, J., dissenting.

I respectfully dissent from the majority opinion in this case.

It has long been the rule that an information must be sufficiently definite to apprise the accused of the specific nature of the offense with which he is charged. The defendant had the information served upon him and the statute read to him. He was thereby apprised

of the exact act with which he was charged and of the provision of the statute he was alleged to have violated. In addition, he had retained counsel of his own choosing and was undoubtedly fully advised of all the pertinent circumstances and law. Defendant, under these conditions, elected to enter a plea of guilty and entered into a plea bargain with the county attorney whereby the county attorney agreed to and did dismiss another pending charge. Experience with this type of case has demonstrated that after the county attorney has fulfilled his part of the bargain by dismissing additional charges, the defendants all too often feel that they are then in a position to renege on a plea of guilty. Such was obviously the case here. A defendant who voluntarily enters a plea of guilty under circumstances similar to the present one does so knowingly and voluntarily. He is fully aware of the exact acts charged as comprising the crime alleged and his plea of guilty is a direct admission that he did actually perform those acts. For the court to be required to inquire further into the facts pertaining to the offense would be to require a superfluous act and verges on the ridiculous.

WHITE, C. J., joins in this dissent.