STATE OF NEBRASKA, APPELLEE, v. SAM L. SIMMONS, APPELLANT.

196 N. W. 2d 499

Filed April 20, 1972. No. 38255.

William J. Riedmann, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold S. Salter, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

This is an appeal from a judgment and indeterminate sentence of 2 to 4 years in the Nebraska Penal and Correctional Complex on a guilty plea to a charge of grand larceny. The assignment of error generally is that the record fails to affirmatively show the defendant pled guilty voluntarily, understandingly, intelligently, and with full knowledge of the rights which he was waiving by his plea. We affirm the judgment and sentence of the district court.

There is no dispute between the parties as to the law that covers this case. Quite similar contentions to the ones made in this case were made in State v. Turner, 186 Neb. 424, 183 N. W. 2d 763. The argument there, as here, was based essentially upon the holding of the United States Supreme Court in Boykin v. Alabama, 395 U. S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274. We held in Turner that the proper interpretation of Boykin is that the court cannot presume a waiver of federal constitutional rights from a silent record. We said that Boykin requires a plea of guilty must not only be intelligent and voluntary to be valid but the record must affirmatively disclose that the defendant entered his plea understandingly and voluntarily. In Turner we specifically held as follows: "The criteria is whether or not the defendant understands the relevant factors involved in

a guilty plea. Before accepting a guilty plea a judge is expected to sufficiently examine the defendant to determine whether he understands the nature of the charge, the possible penalty, and the effect of his plea." We also said in Turner as follows: "The standard for determining the validity of guilty pleas is enunciated as follows in North Carolina v. Alford, 400 U. S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162: 'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' "

The record in this case reveals an exhaustive and conscientious application of the principles and standards required in State v. Turner, *supra*. The court at the arraignment inquired as to the defendant's understanding of the nature of the offense and received a definite positive reply after the court had carefully explained the elements of the charge following a reading of the information. The court carefully explained "aiding and abetting" when the county attorney informed the court that it was possibly involved. The defendant at all times was represented by counsel and there is no contention in this case of inadequate representation. The court carefully explained the various pleas the defendant could make, including his right to remain silent and his various constitutional rights. With counsel present, the defendant stated that he understood his rights and the pleas that were open to him. He further stated that no force or threat had been used upon him nor had any promises been made to him in order to secure his plea. The court even inquired as to plea bargaining and was advised that there had been only unsuccessful plea bargaining. This statement was agreed to by the defendant. The court, in this case, even went so far as to explain to the defendant that if he pled not guilty he would be entitled to have a speedy public trial, the nature of a jury trial, the requirement of a unanimous vote to convict him, the protection of the presumption

of innocence, the right to be represented by an attorney at all times, the right of confrontation, the right not to testify or incriminate himself by his own testimony, the right to State process to procure witnesses, a full explanation of the term "aiding and abetting," an explanation of the meaning of the waiver of all these rights, and a specific inquiry as to whether he understood all of these rights. The court also interrogated the defendant's counsel in the course of the proceedings. The record reveals that a careful description of the penalties involved was made and the procedure of the court before determining the amount of the sentence, including a description of a presentence investigation.

The record here conclusively shows that at the arraignment at which the defendant pled guilty the court made proper inquiry and determined that there was a factual basis for the plea of guilty under the holding in State v. LeGear, 187 Neb. 763, 193 N. W. 2d 763. The court specifically told the defendant that "before I accept your plea of guilty, I want to ascertain if there is a factual basis for the plea * * *." Only a part of the colloquy resulting from this statement is recited herein in the interest of brevity. The record shows as follows:

"THE COURT: I just want to make sure you are under law guilty of aiding and abetting or whatever was involved.

"DEFENDANT: I took the money.

"THE COURT: You took the money from where?

"MR. RYDER: It was down at Tall Togs.

"THE COURT: I don't have the name.

"MR. RYDER: Tall Togs, it is a clothing store.

"THE COURT: Was that Jerry Leonard's?

"MR. RYDER: It is right down on 14th Street.

"THE COURT: Well, Mr. Breit, as counsel for the defendant and knowing the facts of this case as related to you and probably in more detail than I have had it here, and also whatever information you have been able to ascertain by your own investigation or that of

your office, is it your considered judgment and opinion that a plea of guilty to the charge of grand larceny by Mr. Simmons, your client, here today is warranted and justified?"

The contentions of the defendant are wholly without merit. This record affirmatively demonstrates that the plea of guilty herein was entered voluntarily and intelligently within the meaning of Boykin and Turner.

The judgment and sentence of the district court are correct and are affirmed.

AFFIRMED.