STATE OF NEBRASKA, APPELLEE, V. ROGER LEGER, APPELLANT.
STATE OF NEBRASKA, APPELLEE, V. JOHN PRESLEY, APPELLANT.

208 N. W. 2d 276

Filed June 15, 1973. Nos. 38756, 38780.

Roger Leger and John Presley, pro se.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

Defendants were charged with the same act of burglary. Each plead guilty. Sentencing in each instance was postponed approximately a month pending presentence reports. Each was represented by the public defender. They now appeal pro se. Errors assigned are: (1) A plea bargain was made and dishonored; and (2) the court failed to ascertain that there was a factual basis for the pleas of guilty. We affirm.

The records in these cases completely fail to indicate

that plea bargains were entered into. On the contrary, both defendants assured the court that no promises had been made to them in regard to the possible sentences.

Was the court derelict in ascertaining that a factual basis existed for the pleas of guilty? Rule 11 of the Federal Rules of Criminal Procedure provides that before accepting a plea of guilty, the court shall address the defendant personally in determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. It further provides that the court shall be satisfied there is a factual basis for the plea. In McCarthy v. United States, 394 U. S. 459, 89 S. Ct. 1166, 22 L. Ed. 2d 418, the court held that the rule must be complied with but specifically stated that it did not base its decision on constitutional grounds.

In North Carolina v. Alford, 400 U. S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162, the court considered the constitutionality of a plea of nolo contendere. Under such a plea a defendant need not admit commission of the acts charged against him and there is no inquiry into the "factual basis" for the plea. The following excerpts clarify the holding of the court: "Ordinarily, a judgment of conviction resting on a plea of guilty is justified by the defendant's admission that he committed the crime charged against him and his consent that judgment be entered without a trial of any kind. The plea usually subsumes both elements, and justifiably so, even though there is no separate, express admission by the defendant that he committed the particular acts claimed to constitute the crime charged in the indictment. * * *

"Implicit in the nolo contendere cases is a recognition that the Constitution does not bar imposition of a prison sentence upon an accused who is unwilling expressly to admit his guilt but who, faced with grim alternatives, is willing to waive his trial and accept the sentence. * * *

"Thus, while most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the

latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."

It is evident that there is no constitutional basis for the requirement in the federal Rule 11 that the court accepting a plea of guilty personally address the defendant with a view to ascertaining the existence of a factual basis for the plea.

Federal Rule 11 is not applicable to the state courts. See Wade v. Coiner, 468 F. 2d 1059 (4th Cir., 1972). Nebraska does not have a similar statutorily imposed rule and consequently is not restricted in a similar manner. The only basic requirement is that constitutional principles be complied with. Nevertheless it is good practice to comply with Rule 11.

Verification of the fact that the court was aware of the "factual basis" for the pleas is found in the presentence reports which were before the court when sentences were pronounced. Each defendant gave a complete and detailed factual statement pertaining to the commission of the crime charged as well as admitting the commission of other offenses in other jurisdictions. Both had been previously convicted on a similar charge and in the present instance were apprehended in the building they were charged with burglarizing.

A motion for new trial was not filed in either of these cases. Ordinarily, preliminary to an appeal, assigned errors must be presented to and ruled upon by the trial court by means of a motion for new trial. See, State v. Haile, 185 Neb. 421, 176 N. W. 2d 232; State v. Burnside, 185 Neb. 234, 175 N. W. 2d 1.

The judgments of the District Court are affirmed.

AFFIRMED.

BOSLAUGH, J., concurring.

I concur in the result in these cases. The presentence

reports which were available to the trial court *before sentencing,* established a factual basis for the pleas of guilty.

The requirement that the trial court determine there is a factual basis for a plea of guilty does not originate in federal Rule 11. The requirement is a part of the Standards Relating to Pleas of Guilty which were adopted by this court in State v. Turner, 186 Neb. 424, 183 N. W. 2d 763, as the minimum procedure for the taking of pleas of guilty. The standards require the trial court to determine there is a factual basis for the plea *before entering judgment* upon the plea. A.B.A. Standards Relating to Pleas of Guilty, Approved Draft, 1968, § 1.6, p. 30.

The trial court is not required to inquire of the defendant. Inquiry of the county attorney or examination of the presentence reports are alternative methods. State v. LeGear, 187 Neb. 763, 193 N. W. 2d 763. In North Carolina v. Alford, 400 U. S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162, the court heard testimony which summarized the State's case before accepting the plea of guilty.

SPENCER, SMITH, McCOWN, and CLINTON, JJ., join in this concurrence.