STATE OF NEBRASKA, APPELLEE, v. MICHAEL CLAY,
APPELLANT.

217 N. W. 2d 94

Filed April 18, 1974. No. 39175.

Charles F. Fitzke and James T. Hansen, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and FLORY, District Judge.

WHITE, C. J.

This is a criminal case in which the defendant asserts that the sentence of 1 year imposed by the District Court was excessive and an abuse of discretion, and that the District Court erred in accepting the defendant's plea of guilty because it was not intelligently and voluntarily made. We affirm the judgment and sentence of the District Court.

Defendant contends that the plea was not voluntarily and intelligently made. The standard for determining the validity of guilty pleas is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to a defendant. State v. Turner, 186 Neb. 424, 183 N. W. 2d 763 (1971); State v. Simmons, 188 Neb. 365, 196 N. W. 2d 499 (1972);

North Carolina v. Alford, 400 U. S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). The record in this case, including the transcript and the bill of exceptions, shows that at the arraignment the defendant indicated he understood that a plea of not guilty could lead to a jury trial, while a plea of guilty could result in an immediate imposition of sentence. The nature of the penalties for the crime were explained in full and the defendant stated he understood the penalties. He admitted that no threats or promises had been made to obtain the guilty plea and that it was freely and voluntarily made because the defendant considered himself to be guilty. He admitted that he had "started to outrun the cops," and that a chase continued from Scottsbluff, Nebraska, all the way into Wyoming. He admitted, further, that he had driven 90 miles an hour during the chase. The defendant was charged, under the statute, with unlawfully fleeing to avoid arrest. The record further indicates that counsel for the defendant stated he had gone over his rights with the defendant and that he was ready to plead to the crime charged in the information. Under the applicable standards set out above, it is apparent there is no merit to the defendant's contention that his plea was not voluntarily and intelligently made.

The defendant assigns as error the excessiveness of the sentence. This assignment is not argued except a one-sentence statement that the defendant is a young man with no prior felony record. Unless we are to say that the assertion of these two facts automatically requires the placement of the defendant on probation, these statements alone do not support a contention of an abuse of discretion by the District Court in imposing the minimum sentence on the defendant. Moreover, the record indicates that the defendant has pleaded guilty in the District Court for Scotts Bluff County, Nebraska, to the offense of contributing to the delin-

quency of a minor under section 28-477, R. S. Supp., 1972. And it further appears that the District Court revoked a previous suspension of execution of sentence in this case because subsequent to sentencing, the defendant attempted to escape while being accompanied to the county jail. The facts of the offense, as recited by the defendant himself, also indicate a willful, dangerous, and continued attempt to flee to avoid arrest. There is no merit to the contention that the sentence was excessive.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.

McCOWN, J., dissenting.

This court has now approved a sentence of 1 year in the penitentiary for an 18-year-old defendant never before convicted of a felony. His offense? Fleeing in an automobile to avoid arrest for a traffic violation! While the defendant led the officers on a wild chase to escape arrest, the maximum imprisonment for willful reckless driving is 30 days in jail, and for second offense 60 days. Fines and revocation of driver's license are authorized in addition.

The ubiquitous nature of section 60-430.07, R. R. S. 1943, the flight to avoid arrest statute, with its tremendous range of punishments, is glaringly evident. See my dissent in State v. Etchison, 190 Neb. 629, at page 633, 211 N. W. 2d 405, at page 408. That statute carries possible penalties of a fine in any amount up to $500, imprisonment in the county jail for not to exceed 6 months, or imprisonment in the Nebraska Penal and Correctional Complex for not less than 1 year nor more than 3 years, or both such fine and imprisonment. So far as brief research indicates, Nebraska is the only state which makes flight in a motor vehicle to avoid arrest for violating any law a separate and distinct crime of its own, which may range from

a minor misdemeanor to a serious felony at the discretion of the prosecutor and sentencing court.

The dissent in Etchison stated: "It should not be assumed that the Legislature specifically intended to authorize or approve a punishment of 3 years imprisonment in the penitentiary for the crime of fleeing in a motor vehicle in an effort to avoid arrest for a traffic violation." This court has now assumed that the Legislature did intend to authorize a punishment of 1 year in the penitentiary where the flight was to avoid arrest for a traffic violation, and even where the 18-year-old defendant had never before been convicted of a felony. The punishment here not only does not fit the crime, it does not fit the defendant. The penitentiary is a poor place for an 18-year-old to learn respect for law.

The 18-year-old defendant's comment was poignant and painfully close to the mark when he said: "This trial here today wasn't too fair, it just wasn't, getting sent to the penitentiary, I never killed nobody, it was just — gee — over a thing like that."

The judgment should have been reversed and the cause remanded for the entry of a proper sentence. The Legislature should again be reminded of the advisability of a legislative review of section 60-430.07, R. R. S. 1943.