STATE OF NEBRASKA, APPELLEE, v. LAMONT MITCHELL, APPELLANT.

234 N. W. 2d 619

Filed October 30, 1975. No. 40103.

Frank B. Morrison and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before White, C. J., Spencer, Boslaugh, McCown, Newton, Clinton, and Brodkey, JJ.

White, C. J.

The defendant was charged originally with breaking and entering an automobile, a felony. On arraignment in District Court, the charge was reduced to petit larceny, to which the defendant pled guilty. The sole issue presented on appeal is the validity of the plea of guilty to the reduced charge. We affirm the judgment and sentence of the District Court.

The record in this case affirmatively shows that the defendant was represented by counsel, both at the arraignment and at his sentencing; it shows that at the arraignment the trial court specifically asked the defendant if he wished to change his plea to guilty to the amended charge of petit larceny; it further shows that the penalty for petit larceny was explained to the defendant and he was asked if he understood the penalty; that he was asked if he understood that by entering a plea of guilty that he waived his "right to a trial with all the incidents that go with that"; and that he was asked if his plea was voluntary and whether any promises or inducements had been made to him in return for his plea of guilty. His responses, without reciting them herein verbatim, were clear, direct, and unequivocal, and there is no claim or allegation that he was overreached by the court, by counsel, or by any misunderstanding of the arraignment proceedings. As to the factual basis for the plea, the presentence investigation reveals that immediately following the statement of the official version of the crime in the report, the defendant stated he did not wish to make a statement other than to say that he committed the crime.

This statement, of course, was made after the arraignment and the plea of guilty as recited above, and before the defendant appeared with counsel before the court for sentencing.

The criteria for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. State v. Turner, 186 Neb. 424, 183 N. W. 2d 763. As to a factual basis for the plea, it is sufficient if the presentence investigation report which is before the court when sentence is pronounced discloses a factual basis for the plea. State v. LeGear, 187 Neb. 763, 193 N. W. 2d 763; State v. Leger, 190 Neb. 352, 208 N. W. 2d 276.

The record also reveals that the defendant's problem arose out of the use of drugs. His arrest record is lengthy, dating back to April 1968, and his convictions include unlawful attempt to obtain a depressant or stimulant drug, trespassing, violation of probation, and petit larceny. One of the offenses was committed while he was out on bond on another charge.

It is apparent that his plea was voluntarily and intelligently made, and that his contention as to violation of his constitutional rights is without merit.

The judgment and sentence of the District Court are correct and are affirmed.

AFFIRMED.