No. 13337

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

DENNIS FUGER,

Defendant and Appellant.

---

Appeal from:   District Court of the Fourth Judicial District,
Honorable Jack Green, Judge presiding

Counsel of Record:

For Appellant:

Curtis C. Cook argued, Hamilton, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
Douglas Harkin, County Attorney, Hamilton, Montana
Margaret A. Tonon argued, Deputy County Attorney,
Hamilton, Montana

---

Submitted:   August 30, 1976

Decided: SEP 22 1976

Filed:   SEP 2 1976

*Thomas Jr. Kearney*
Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

On May 23, 1975, Dennis Fuger was charged by Information in Ravalli County with aggravated assault in violation of section 94-5-202(1)(a), R.C.M. 1947. After trial by jury in December 1975, he was found guilty and sentenced to ten years in prison with all of it suspended except six months in the Ravalli County jail. He appeals.

Appellant presents three issues for review:

1) Did the state produce sufficient evidence to enable the jury to find that the victim was placed in "substantial risk of death"?

2) Did the evidence show as a matter of law that defendant's use of force against the victim was justified as defense of another?

Resolution of these two issues will determine the result of this appeal. Appellant's third issue, whether a new trial should have been granted or the judgment modified to find him guilty of only simple assault, lacks merit in view of our ruling on the first issue.

The Information charged that Fuger:

"* * * purposely or knowingly caused serious bodily
injury to DAVE DANIELS by kicking and beating the
said DAVE DANIELS about the face and upper portion
of the body * * *."

This charge arose from a fight occurring on the evening of April 26, 1975. Fuger and his cousin Ron Snell were riding in one pickup and Dave Daniels (the victim) and Diane Snell (Ron Snell's ex-wife) were riding in another pickup. The two vehicles met on a narrow road and stopped. The fight quickly followed. Fuger

testified that Daniels knocked him unconscious and when he came to he saw Daniels sitting on Ron Snell and heard Snell yell for help: "Dennis! He has got a knife!" Fuger said he kicked Daniels to protect Snell from the knife. This version of the fight was supported by the testimony of Ron Snell. Daniels, however, testified that he voluntarily gave up the knife before he was hit or kicked.

Fuger contends the evidence was insufficient to show Daniels faced a "substantial risk of death" as required for a conviction for aggravated assault. Section 94-5-202(1)(a), R.C.M. 1947, provides that aggravated assault may be committed by causing "serious bodily injury to another." "Serious bodily injury" is defined by section 94-2-101(54), R.C.M. 1947, as "bodily injury which creates a substantial risk of death."

Daniels was first treated in the emergency room at Daly Hospital in Hamilton by Dr. Robert Palmer and later transported to Missoula for further examination and treatment. Appellant bases his argument on Dr. Palmer's testimony that in retrospect Daniels was not in "substantial risk of death" at any time. Appellant concludes that this testimony precluded the jury from finding to the contrary and therefore the guilty verdict for aggravated assault was not supported by the evidence.

However, Dr. Palmer also testified on redirect examination:

"Q. Dr. Palmer, just one question; was it your opinion at the time when you examined him that due to the nature of his injuries he was in a potentially dangerous situation and was at that time facing a substantial risk of death? A. Yes, I think he was."

The legislature has not defined "substantial risk of death", but it obviously means something more than "Bodily injury" which section 94-2-101(5), R.C.M. 1947, defines as "physical pain,

illness or any impairment of physical condition and includes mental illness or impairment." Injury which creates a "substantial risk of death" is graver and more serious, and whether or not it has been established by the evidence is generally a question of fact to be determined by the jury.

Testimony at trial showed that when Daniels was admitted to the emergency room in Hamilton he was in a semi-conscious state with extensive bruises and swelling around the face. Further examination showed Daniels suffered a broken nose and a fractured palate.

Dr. Palmer also testified Daniels was transferred to Missoula because the facilities at Hamilton were not equipped "to handle seriously injured or gravely injured head-type cases." No serious complications in fact developed as a result of Daniels' injuries. However, the test of "substantial risk of death" is not whether the victim lives or dies. People v. Martinez, Colo., 540 P.2d 1091, 1093. The evidence was sufficient to enable the jury to find that Daniels' injuries created a "substantial risk of death".

Appellant's second issue is whether his use of force against Daniels was justified as defense of another. Section 94-3-102, R.C.M. 1947, states:

> "A person is justified in the use of force or threat to use force against another when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force. However, he is justified in the use of force likely to cause death or serious bodily harm only if he reasonably believes that such force is necessary to prevent imminent death or serious bodily harm to himself or another, or to prevent the commission of a forcible felony."

It is undisputed that Daniels was sitting on Ron Snell and holding a knife when Snell yelled for help. Appellant further

testified he thought Snell was in great danger of being stabbed and he kicked Daniels only because he was afraid to use his bare hands against the knife. As pointed out previously, however, Daniels testified he voluntarily surrendered the knife before he was kicked. Also, Snell testified that Fuger kicked Daniels again after the fight was over and Daniels was lying in the snow unable to defend himself. The annotator's note to section 94-3-102, R.C.M. 1947, Montana Criminal Code, 1973, Annotated, Montana Criminal Law Commission, Prof. William F.Crowley, p. 127, states:

> "* * * The clause 'when and to the extent he reasonably believes' pertains to the proper occasion for the use of force which is a question of fact for the jury. 'Is necessary to defend himself or another' refers to the proper amount of force which may be used and remain justified---again a question to be determined by the jury. * * *."

As there was a conflict in the evidence, the issue of self-defense was properly before the jury as the trier of fact and Daniels' testimony, if believed, was sufficient to support the verdict.

The judgment is affirmed.

_Wesley Castles_
Justice

- 5 -

We Concur:

_James T. Harrison_
Chief Justice

_Charles J. Haswell_

_John Conway Harrison_
Justices.