STATE OF NEBRASKA, APPELLEE, V.
MICHAEL W. SARE, APPELLANT.

306 N.W.2d 164

Filed May 29, 1981. No. 43946

Stephen Greenberg for appellant.

Paul L. Douglas, Attorney General, and Mark D. Starr for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

The defendant appeals from a conviction for first degree assault of Rodney Smiley on or about July 5, 1980. The State dismissed a second count of first degree assault in return for the defendant's plea of guilty. The defendant was represented by private counsel at the arraignment and was extensively questioned by the trial judge to determine that the plea was voluntarily and intelligently made. The District Court accepted the defendant's plea and sentenced the defendant to a term of 5 to 15 years' imprisonment in the Nebraska Penal Complex.

The defendant contends the District Court committed a plain error in that there was no factual basis for the plea to assault in the first degree, and the sentence imposed was excessive.

At a felony arraignment the trial court is required to ascertain there is a factual basis for the plea before a plea of guilty may be accepted. *State v. LeGear*, 187 Neb. 763, 193 N.W.2d 763 (1972). The factual basis may

be determined from inquiry of the defendant, inquiry of the county attorney, or examination of the presentence report. *Id.* at 766, 193 N.W.2d at 765.

Here the trial court was advised by the county attorney of the facts surrounding the offense. The trial court also made use of a thorough presentence report which described the assault in detail and the extent of injuries to Smiley.

The defendant argues that the injuries suffered by Smiley were not sufficient to support a conviction for assault in the first degree under Neb. Rev. Stat. § 28-308(1) (Reissue 1979), which requires that the victim sustain "serious bodily injury." Serious bodily injury is defined in Neb. Rev. Stat. § 28-109(20) (Reissue 1979) as follows: "Serious bodily injury shall mean bodily injury which involves a substantial risk of death, or which involves substantial risk of serious permanent disfigurement, or protracted loss or impairment of the function of any part or organ of the body."

In 1977 the defendant was sentenced to 2 years' imprisonment for assault with intent to rob Smiley. This charge resulted from an armed robbery of a filling station at which Smiley was the attendant. Smiley identified the defendant as the robber. After being released from prison, the defendant threatened Smiley on several occasions.

The assault involved in this case took place on a farm in Sarpy County where a number of young people were having a party. The defendant and four other companions, at least one of whom was armed, sought out Smiley and proceeded to beat him severely. The defendant struck Smiley 10 to 15 times in the face and kicked him repeatedly.

Smiley's girl friend, who was an eyewitness to the attack, described his injuries as follows: "Yes, he lost alot of blood, both of his eyes were black, cracked teeth falling, his one eye was so swollen it just looked like a slit, his nose was broken in four different places, his nasal passages were clogged because the walls were

pressing against them, his lips were all swollen, he's got bruises all over, his legs got bruises up and down, he's got bruised bones in his rib cage, two concusions [sic]." Smiley was hospitalized for 5 days and underwent surgery for removal of a bone fragment that was floating unattached in his nasal passage.

Smiley was off work for 3 weeks following his release from the hospital and his medical expense was in excess of $2,000. At sentencing, the trial court noted from the presentence report the severe nature of the beating Smiley had received. The court stated: "It wasn't just a broken nose. There was a brain concussion with it, there were bruises and contusions around the body. When he tried to get up and get away from you, and not just you, but there was another one with you that was helping you beat up on him, and all he was doing was walking with his girlfriend, and when he tried to get away from you, you chased him around and smashed his head into the hood of a truck with enough force that there was blood left on the hood."

The presentence report established a factual basis for the plea of guilty to first degree assault because it shows the victim suffered serious bodily injury. The victim sustained a cerebral concussion, was unconscious for 15 minutes, and suffered a serious nasal fracture. This finding is supported by decisions in other jurisdictions which have reviewed similar aggravated battery statutes. Serious bodily injury or great bodily harm was found to support convictions in cases involving similar or lesser injuries. *Baker v. State*, 246 Ga. 317, 271 S.E.2d 360 (1980) (broken nose and bruises); *People v. Caliendo*, 84 Ill. App. 3d 987, 405 N.E.2d 1133 (1980) (fractured ribs and lacerations); *People v. Rickman*, 73 Ill. App. 3d 755, 391 N.E.2d 1114 (1979) (broken ankle); *State v. Colomy*, 407 A.2d 1115 (Me. 1979) (contusion of the kidney); *State v. Fuger*, 170 Mont. 442, 554 P.2d 1338 (1976) (broken nose and fractured palate); *Commonwealth v. Alexander, Aplnt.*, 237 Pa. Super. Ct. 111, 346 A.2d 319 (1975) (broken nose and blackened eyes).

The maximum sentence for first degree assault is 20 years' imprisonment and/or a $25,000 fine. A trial court is given wide discretion in sentencing. A sentence which is within statutory and constitutional limitations will not be disturbed on appeal in the absence of an abuse of discretion. *State v. Janis*, 207 Neb. 491, 299 N.W.2d 447 (1980).

This is an extreme case. The assault was a savage and brutal beating which was entirely without provocation. The motive of revenge because of the victim's previous identification of the defendant as the armed robber in the 1977 offense aggravated this offense and called for a severe penalty. There was no abuse of discretion.

The judgment is affirmed.

AFFIRMED.