IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. HARRIS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

RUSSELL J. HARRIS, APPELLANT.

Filed June 4, 2019.    No. A-18-798.

Appeal from the District Court for Lancaster County: JOHN A. COLBORN, Judge. Affirmed.

Joe Nigro, Lancaster County Public Defender, and Nathan J. Sohriakoff for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

RIEDMANN, BISHOP, and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

Russell J. Harris appeals the decision of the Lancaster County District Court resentencing him for possession of a deadly weapon by a prohibited person. He contends that the court imposed an excessive sentence at resentencing for his conviction of possession of a deadly weapon by a prohibited person and that the sentencing judge should have recused himself because the sentencing judge had previously served as a prosecutor in criminal cases in which Harris was the defendant. Finding that both assignments of error raised by Harris fail, we affirm.

## STATEMENT OF FACTS

In January 2017, two officers followed Harris' car based on a tip from a confidential informant. Harris and a passenger stopped and voluntarily talked with police. The police asked the passenger if there was anything illegal in the car and the passenger stated that Harris had a large amount of drugs in the car. The police searched the car and found methamphetamine and a knife

- 1 -

with a 4½-inch blade. Harris was charged with possession with intent to deliver methamphetamine and possession of a deadly weapon by a prohibited person. Pursuant to a plea agreement, Harris pled no contest to the charged offenses in this case and to crimes in other separate cases in exchange for the State not charging him as a habitual criminal.

In a previous appeal, Harris appealed the sentences imposed on each of his convictions claiming that the sentences imposed were excessive and specifically argued that the sentence of 3 to 5 years' imprisonment imposed for possession of a deadly weapon by a prohibited person was outside relevant statutory limits. See *State v. Harris*, Nos. A-17-764 through A-17-768, 2018 WL 2494103 (Neb. App. May 24, 2018) (not selected for posting to court website). Upon finding that the statutory maximum was 4 years' imprisonment, this court vacated Harris' sentence for possession of a deadly weapon and remanded for resentencing. See, Neb. Rev. Stat. § 28-105 (Reissue 2016); *State v. Harris, supra*. We affirmed Harris' other sentences. *State v. Harris, supra*.

At the time of the preparation of the presentence investigation report, Harris was 57 years old, married, and had one dependent. His criminal history included twelve counts of theft, seven counts of possession of a controlled substance, robbery, burglary, and numerous other offenses. He has violated both probation and parole and has been convicted of escape. The level of service/case management inventory assessed him as a very high risk to reoffend.

At the resentencing hearing, Harris' counsel began by making an oral motion for the judge to recuse himself. Defense counsel stated that Harris told him that, in 1981, the sentencing judge, who at that time had been a prosecutor, had prosecuted Harris for robbery and burglary. Defense counsel then requested that the judge recuse himself and that a judge who had not formerly prosecuted Harris sentence him. The court denied the motion and sentenced Harris to two to four years' imprisonment. Harris has timely appealed and is represented on appeal by the same counsel that represented him at resentencing.

ASSIGNMENTS OF ERROR

Harris assigns that the court abused its discretion in imposing an excessive sentence and that the sentencing judge should have recused himself.

STANDARD OF REVIEW

A motion requesting a judge to recuse himself or herself on the ground of bias or prejudice is addressed to the discretion of the judge, and an order overruling such a motion will be affirmed on appeal unless the record establishes bias or prejudice as a matter of law. *McCullough v. McCullough*, 299 Neb. 719, 910 N.W.2d 515 (2018).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Steele*, 300 Neb. 617, 915 N.W.2d 560 (2018). Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *Id*.

ANALYSIS

RECUSAL

Harris claims that the trial judge erred by refusing to recuse himself due to an alleged conflict of interest. Specifically, Harris claims the judge should have recused himself because he allegedly prosecuted Harris 37 years earlier.

A trial judge should recuse himself or herself when a litigant demonstrates that a reasonable person who knew the circumstances of the case would question the judge's impartiality under an objective standard of reasonableness, even though no actual bias or prejudice was shown. *Huber v. Rohrig*, 280 Neb. 868, 791 N.W.2d 590 (2010). Further, Harris directs this court to Neb. Rev. Stat. § 24-739 (Reissue 2016), which provides that "[a] judge shall be disqualified from acting as such (1) [i]n any case in which . . . (d) he or she has been attorney for either party in the action or proceeding."

However, it is also well established that "[a] judge is not disqualified merely because he at some earlier time prosecuted the criminal defendant appearing before him." *State v. Reddick*, 230 Neb. 218, 223, 430 N.W.2d 542, 546 (1988) (allegation that judge previously prosecuted defendant in another case while serving as county attorney insufficient to show bias and prejudice). See, also, *State v. Bird Head*, 225 Neb. 822, 408 N.W.2d 309 (1987); *State v. Burnside,* 185 Neb. 234, 175 N.W.2d 1 (1970). Harris' sole basis for his motion for recusal was the judge's prior prosecution of Harris some 37 years ago while serving as county attorney. Having reviewed the record, we find the facts insufficient to establish bias or prejudice as a matter of law. Accordingly the district court did not abuse its discretion in denying Harris' motion. This assignment of error fails.

EXCESSIVE SENTENCE

Harris also contends that his sentence of 2 to 4 years' imprisonment is excessive. He was convicted of possession of a deadly weapon by a prohibited person, a class III felony, which carries a sentence of up to 4 years' imprisonment. See, § 28-105 (felonies; classification of penalties); Neb. Rev. Stat. § 28-1206 (Reissue 2016) (possession of deadly weapon by prohibited person). Harris' sentence was within the statutory limits.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Mueller*, 301 Neb. 778, 920 N.W.2d 424 (2018); *State v. Leahy*, 301 Neb. 228, 917 N.W.2d 895 (2018). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Contrary to Harris' claims, there is no evidence that the court failed to take into account any of the relevant factors. The court stated that it could not ignore the circumstances of the case or Harris' criminal history. At the same time Harris was found in possession of the knife, he was in possession of a sufficient amount of methamphetamine to be charged with possession of methamphetamine with the intent to deliver. Further, Harris has an extensive criminal history, he is a very high risk to reoffend, and he received a substantial benefit from his plea agreement in which the State agreed not to charge him as a habitual criminal.

Considering the facts that Harris' sentence was within the statutory sentencing range, his extensive criminal history, the circumstances of the offense, his very high risk to reoffend, and the substantial benefit received from his plea agreement wherein the State agreed not to charge him as a habitual criminal, the sentence imposed was not an abuse of discretion.

## CONCLUSION

In sum, we find that the district court did not abuse its discretion in denying Harris' motion to recuse or in the sentence imposed. Consequently, Harris' conviction and sentence are affirmed.

AFFIRMED.