STATE *vs.* WALLACE SIMPSON.

Kennebec.    Opinion December 16, 1897.

*Evidence.   Docket Entries.   Prior Conviction.   Jurisdiction.   R. S., c. 120, § 5.
Waterville Mun. Court.   Spec. Laws, 1880, c. 220.*

It is a settled rule in this state that when the record in a case has not been fully extended, the docket entries may be read to the jury in support of the allegation of a former conviction; but as there is no presumption in favor of the jurisdiction of an inferior court of limited statutory jurisdiction, the docket entries from the records of such a court cannot be accepted as sufficient proof of a former conviction of larceny without further evidence, that the court had jurisdiction of the particular offense of which the respondent was convicted.

The respondent was indicted in the Superior Court for Kennebec county as a common thief. To prove a former conviction of larceny in the Municipal Court of Waterville, the docket entries of that court were introduced, it appearing that no extended record had been made in that case. Neither the original complaint, nor a duly certified copy of it, upon which the conviction was based in the Municipal Court of Waterville, was offered in evidence.

*Held;* that in the absence of prima facie evidence that the court had juris-
diction of the offense charged, the docket entries alone are not sufficient to
establish the former conviction alleged in the indictment.

ON EXCEPTIONS BY DEFENDANT.

This was an indictment for larceny by night in a dwelling-house,
under R. S., c. 120, § 2, with an allegation of a previous conviction
of larceny as principal, so that the sentence might be given for a
common thief, under § 5 of said chapter, if the respondent were
convicted.

To prove the alleged former conviction of the defendant in the
Municipal Court of Waterville, the following testimony was given
by Frank K. Shaw:

Q.  You are the judge of the municipal court of the city
of Waterville?

A.  Yes, sir.

Q.  Have you the records of your court with you?

A.  I have.

Q.  Will you turn to the record of No. 3626?  Have you that
record with you?

A.  I have.

Q.  Is it a record of conviction?

A.  Yes, sir.

Q.  Will you read it?

A.  "3626.    State vs. Wallace Simpson.    Larceny.    Com-
plainant, A. L. McFadden.    Date, Dec. 30, 1895.    Same day,
prisoner arraigned.    Plea, guilty.    Sentenced to be imprisoned
fifteen days in jail at hard labor and to pay the costs of prosecution
$6.69.    In default of payment of costs, fifteen days additional
imprisonment.    Committed."

Neither the original complaint, nor any copy of the same, was
put into this case.    The defendant's counsel, at the close of the
charge of the presiding justice, insisted that to establish a former
conviction, as alleged in this indictment, it was incumbent on the
government to show what was the complaint in the municipal
court upon which the conviction was based; and asked the court to
instruct the jury that there was not sufficient evidence in the case

to support the allegation of prior conviction. This instruction the presiding judge refused to give. The jury returned a general verdict of guilty. To the foregoing refusal to give the requested instruction, the defendant excepted.

*G. W. Heselton*, County Attorney, for State.

The vital question is whether there was a former conviction of larceny as principal; and for the purpose of showing this fact there is no other record than what was introduced, and according to the authorities such record is sufficient to establish this fact. By recurring to the record introduced to show former conviction, it appears that the judgment was rendered on the defendant's plea of guilty; so that the fact of such conviction is established by proof, which, he, at least, cannot very well controvert. The only attempt so to do is by a technical objection of the most unsubstantial form. The former case was one within the jurisdiction of the Municipal Court of Waterville, (see *Treat* v. *Maxwell*, 82 Maine, 79,) and its only records are the docket entries, which are much more complete than ninety-nine out of every one hundred of the inferior court dockets. If such objections should avail, the only result would be to nullify the statute regarding this offense of becoming a common thief, if the first or former conviction was in an inferior court.

When their proceedings show upon their face that they have jurisdiction, a prima facie case of jurisdiction is established. *Foss* v. *Edwards*, 47 Maine, 150.

When, however, the jurisdiction of such tribunals is fully made to appear, the recitals in their records touching any matters legitimately before them are conclusive. *Foss* v. *Edwards*, supra; *Paul* v. *Hussey*, 35 Maine, 97.

*S. S. Brown*, for defendant.

There was no evidence in this case that the defendant had been previously convicted of the crime of larceny, and the requested instruction should have been given. *State* v. *Lamos*, 26 Maine, 258.

The statute on which this indictment is based calls for a former conviction, and, of course, a conviction proven by legal and

sufficient evidence. No such conviction can be established without showing what the complaint was. The original complaint, or a properly attested copy of it, is the best evidence. The statement of the recording officer expressed in the single word "larceny" cannot be sufficient.

Nothing is to be presumed in favor of the jurisdiction of these inferior courts. Their convictions, where the rights of a person, as in this case, are involved, must show their jurisdiction by a proper complaint. The meaning and bearing of this word "larceny" in this connection is a matter of mere speculation. If it was placed in this record to express the recording officer's opinion as to what the proceeding was, that would be no evidence. The record is what is called for. The recording officer's construction of the papers, or what they import, is not evidence. *English* v. *Sprague*, 33 Maine, 440. The complaint is a part of the record, and a very important part of it.

SITTING: PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, STROUT, SAVAGE, JJ.

WHITEHOUSE, J. This was an indictment against the respondent for the crime of larceny committed on the twenty-eighth day of January, 1897, with an allegation of a prior conviction in the Municipal Court of Waterville, and an averment of the legal conclusion, based upon Sect. 5, Chap. 120, R. S., that the respondent was a common thief.

In support of the allegation of a former conviction of larceny, the state introduced without objection the following docket entries from the records of the Municipal Court of Waterville, it appearing that no more extended record had been made in the case, to wit :—" State v. Wallace Simpson. Larceny. Complainant, A. L. McFadden. Date Dec. 30, 1895. Same day, prisoner arraigned. Plea, guilty. Sentenced to be imprisoned fifteen days in jail at hard labor and to pay the costs of prosecution $6.69. In default of payment of costs, fifteen days additional imprisonment. Committed." Aside from proof of the respondent's identity, no other

evidence was introduced to substantiate the averment of a prior conviction.

But at the close of the charge of the presiding judge, the defendant's counsel requested an instruction that it was incumbent on the government to show what the complaint was in the Municipal Court upon which the conviction was based, and that there was not sufficient evidence in the case to support the allegation of a prior conviction. The presiding judge refused to give this instruction, and the jury returned a verdict of guilty. The case comes to this court on exceptions to this refusal to give the requested instruction.

It is settled law in this state that, when the record in a case has not been fully extended, the docket entries may be read to the jury in support of the allegation of a former conviction. The docket is deemed to be the record until a more extended record is made, and the same rules of imported verity apply to the docket entries as to the completed record. *State* v. *Neagle*, 65 Maine, 469, and cases cited; *State* v. *Hines*, 68 Maine, 202.

But this rule of evidence is not decisive of the question here presented. Such docket entries from the records of a superior court of general jurisdiction are undoubtedly accepted as sufficient proof of a legal conviction without further evidence that the court had jurisdiction of the particular offense of which the respondent was convicted. Such a court is presumed to have jurisdiction to give the judgment it renders until the contrary appears. All intendments of law in such cases are in favor of its acts. But a different rule prevails in regard to inferior courts of special and limited authority. " As to them there is no presumption of law in favor of their jurisdiction; that must affirmatively appear by sufficient evidence or proper averment in the record, or their judgment will be deemed void on their face." *Galvin* v. *Page*, 18 Wall. 364. " The acts of these two classes of courts," says Mr. Freeman, " have been properly likened to the acts of general agents and the acts of special agents. The former are to be regarded as valid in all cases to the extent that all persons relying upon them need show nothing beyond the general grant of authority, while the latter to be bind-

ing, must first be shown to fall within the limits of a special or restricted grant." Freeman on Judgts. § 517. See also §§ 123, 124; Lawson Presump. Ev. p. 27. With respect to "courts of special and limited jurisdiction whatever may be their grade, the facts necessary to jurisdiction must be shown." 2 Wharton's Ev. § 1308. See also an interesting discussion of this subject in .2 Smith's Leading Cases, 1008 (9th Ed.); *State* v. *Hartwell,* 35 Maine, 159; *State* v. *Hall,* 49 Maine, 412; *Treat* v. *Maxwell,* 82 Maine, 79.

The Municipal Court of Waterville is an inferior court of limited statutory jurisdiction. It appears from the act establishing that court (Chap. 220, Spec. Laws of 1880) that the judge has "jurisdiction in all cases of simple larceny where the property alleged to have been stolen shall not exceed in value the sum of twenty dollars, and power to award sentence upon conviction by fine not exceeding twenty dollars, or imprisonment in the county jail, with or without labor, for a term not exceeding ninety days." But in 1891 it was extended to cases where the value of the property shall not exceed fifty dollars. The act declares, it is true, that it "shall be a court of record and have a seal," but it is not thereby elevated to the grade of those superior courts that are entitled to the benefit of the presumption omnia rite acta respecting jurisdiction. It must be admitted that there is no clearly defined test by which to determine in all cases whether a court belongs to the one class or the other, but as stated in Smith's Lead. Cases, supra, "if the court is one possessing common law or equity powers, even though conferred by statute, the court will be one of general and superior jurisdiction, and its judgment will be supported by the presumption attending the judgments of superior courts. . . . . If on the other hand, the court is one of limited or limited statutory jurisdiction, the court will be regarded as an inferior one and the effect of its judgments will be limited in certain respects. . . . . The tendency of modern decisions seems to be toward doing away with the distinctions pointed out; but, for the present, the distinctions seem to be too well grounded in the cases to be successfully attacked."

It appears from the docket entries in the present case that the sentence actually imposed by the judge was within the scope of his power to award sentence for simple larceny when the property alleged to have been stolen shall not exceed in value the sum of fifty dollars. But in the absence of the original complaint, or of any copy of it, there is no prima facie evidence, even, to show that the property alleged to have been stolen was found or alleged not to exceed in value the sum of fifty dollars. The respondent's plea of guilty to a complaint for the larceny of property alleged to be of greater value than fifty dollars, would confer no power upon the court to award sentence as upon conviction, but only to require him to recognize for his appearance at the Superior Court. The respondent's plea would be no waiver of the objection to the jurisdiction of the court over the offense charged. "Neither in this way, nor in any other, can the court be given a jurisdiction which on other principles it would not be competent to exercise." 1 Bishop Cr. Proc. § 123.

In the absence of prima facie evidence that the court had jurisdiction of the offense charged, the docket entries are not sufficient to establish the former conviction alleged in the indictment.

*Exceptions sustained.*