STATE OF NEBRASKA, APPELLEE, V. JONATHAN FEAGIN, APPELLANT.

242 N. W. 2d 124

Filed May 26, 1976. No. 40474.

Clyde A. Christian of Shrout, Christian, Krieger, Nestle & Palagi, for appellant.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

The defendant was charged with third offense driving while under the influence of alcoholic liquor. Upon a plea of guilty he was sentenced to imprisonment for 1 year. He has appealed and contends the trial court erred in considering the prior convictions alleged in the

information and in considering an arrest that occurred several weeks before sentencing.

The information alleged the offense was committed on November 11, 1974, and that the defendant had been convicted of the same offense on September 13, 1968, and June 4, 1971. The plea of guilty eliminated the necessity of proof of the prior convictions or that the defendant had been represented by counsel or had knowingly and intelligently waived his right to counsel at the time of those convictions.

A plea of guilty waives all defenses to the charge whether procedural, statutory, or constitutional. State v. Nokes, 192 Neb. 844, 224 N. W. 2d 776.

The defendant's guilty plea was accepted on May 2, 1975. All constitutional requirements pertaining to the arraignment were complied with and the defendant does not contend otherwise. Following the arraignment the case was continued for a presentence investigation.

The defendant appeared in court for sentencing on June 10, 1975. At the request of the defendant the case was again continued so that the defendant could assist in establishing a boxing program at one of the recreation centers.

On August 12, 1975, the defendant again appeared in court for sentencing. He was at that time a patient in the chemical dependency unit at the Lincoln General Hospital. The case was again continued so that the defendant could complete the course of treatment.

The defendant again appeared for sentencing on September 30, 1975. At this hearing there was some discussion concerning an arrest for drunkenness that had occurred within the last week or two. The defendant denied that he had been drinking at the time of the arrest and stated that he was assaulted by 3 men after he had taken a tranquilizer pill. The trial court continued the hearing for the purpose of ascertaining the facts concerning the arrest.

Sentence was imposed on October 7, 1975. The trial

court stated that he had obtained an additional report from the probation officer and had obtained the police reports concerning the arrest. The defendant again denied that he had been drinking at the time of the arrest but produced no other evidence concerning it. The trial court stated that the police officer had said that the defendant admitted he had been drinking. The defendant was then sentenced to imprisonment for 1 year.

There is nothing in the record to support the defendant's contention that the trial court should not have considered the circumstances of the arrest that occurred prior to the September 30, 1975, hearing. It had some bearing on whether the defendant should be considered for probation.

The presentence report is not before us, but the record contains references to the defendant's lengthy arrest record. The sentence which was imposed is the minimum prescribed for the offense. § 39-669.07, R. R. S. 1943. The record as a whole shows no abuse of discretion by the trial court. The judgment of the District Court is affirmed.

AFFIRMED.