STATE OF NEBRASKA, APPELLEE, V. CYNTHIA KUCERA, APPELLANT.

338 N.W.2d 443

Filed September 23, 1983. No. 82-792.

Dennis R. Keefe, Lancaster County Public Defender, and Dorothy A. Walker, for appellant.

Norman Langemach, Jr., City Prosecutor, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ., and GRANT, D.J.

HASTINGS, J.

Upon her plea of guilty the defendant was convicted in the municipal court of Lincoln of the crime of theft of less than $300, and was sentenced to 5 days in jail. On appeal to the District Court, in which she assigned as error only the excessiveness of the sentence, the conviction and sentence were affirmed.

The record in municipal court does not disclose that the defendant was advised of any of her rights at any time during these proceedings. This deficiency was raised for the first time on appeal to this court.

Lest there be any misunderstanding on the part of county courts and municipal courts taking guilty pleas in situations where there is a possibility of a jail sentence, we repeat the following language from *State v. Tweedy*, 209 Neb. 649, 654-55, 309 N.W.2d 94, 98 (1981): "We therefore hold that no defendant may be imprisoned for any offense, whether a traffic infraction, misdemeanor, or felony, absent a knowing and intelligent waiver of his rights as provided for by the *Boykin-Turner* rule. That means that such defendants are entitled to be informed of the nature of the charges against them, the right to assistance of counsel, the right to confront witnesses against them, the right to a jury trial where otherwise authorized, and the privilege against self-incrimination. A voluntary and intelligent waiver of these rights must affirmatively appear from the record."

We do not agree with the defendant that she is en-

titled to a dismissal of the complaint. By vacating her conviction and remanding the case for rearraignment, the defendant is not being subjected to double jeopardy.

The defendant's conviction is ordered vacated, and the cause is remanded to the District Court for further proceedings consistent with this opinion.

CONVICTION VACATED. REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.