STATE OF NEBRASKA, APPELLEE, V. JAMES PRICHARD, APPELLANT.

339 N.W.2d 748

Filed October 21, 1983. No. 83-073.

Dennis R. Keefe, Lancaster County Public Defender, and Coleen J. Sindelar, for appellant.

Paul L. Douglas, Attorney General, and Dale A. Comer, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ., and GRANT, D.J.

GRANT, D.J.

Defendant, James Prichard, was issued a "Uniform Citation and Complaint." The violation stamped or printed on the citation stated that the defendant did "[o]perate or be in the actual physical control of any motor vehicle while under the influence of alcoholic liquor or of any drug or while that person has .10 of one percent or more by weight of alcohol in his body fluid." After these words are added, in handwriting, the words, "Third Offense." There is no evidence as to when the additional words were placed on the citation. The citation, as amended, apparently serves as the complaint for these proceedings. Both the State and defendant assume that a violation of Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1982) is alleged, although defendant's brief erroneously refers to Neb. Rev. Stat. § 39-669.08 (Cum. Supp. 1982) as the pertinent statute.

Defendant was arraigned and pled not guilty. Later, defendant appeared before the court and signed a "Waiver of Rights." On the same document, defendant's attorney also signed her name and indicated she had explained defendant's rights to him and that defendant understood those rights.

The minutes of the municipal court then indicate: "Defendant pleads guilty. Defendant found guilty. Defendant fined $500 plus Defendant ordered not to drive any motor vehicle in Nebraska for any purpose for Life [then some six indecipherable lines on a stamped form] plus three months City Jail, plus costs." The clerk's record on this same document states: "No testimony taken. No bill of exceptions to be issued."

On the same day, the municipal court judge signed an order as follows: "After executing the attached Waiver of Rights Form, the Defendant entered a plea of (guilty) (no contest) to the charge contained in the complaint. The Court hereby finds that there is a factual basis for the entry of the plea, accepts the plea and finds the Defendant guilty of said charge. The Court further finds that the evidence presented to the Court reflects that the Defendant has had (two) previous conviction(s) under this subsection since the effective date of this act, and that the Defendant has had (two) previous conviction(s) under this subsection as it existed prior to the effective date of this act and/or under a city or village ordinance enacted pursuant to this subsection as authorized by section 39-669.07 either prior or subsequent to the effective date of this act. The Court therefore finds, as a part of the judgment of conviction, that the record presented at this time reflects said prior convictions."

The foregoing constitutes the entire record on this appeal. No presentence investigation was requested or made.

On appeal the District Court affirmed defendant's conviction and sentence. Defendant appeals, alleg-

ing that the sentence is excessive, and in particular alleging that the statute does not require a mandatory permanent revocation of defendant's operator's license. We do not reach those questions. We reverse and remand on other grounds hereinafter set out.

The record before this court does not disclose, in even the slightest way, that defendant's plea of guilty was made within the guidelines of *State v. Turner*, 186 Neb. 424, 183 N.W.2d 763 (1971); *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981); and *State v. Kucera, ante* p. 337, 338 N.W.2d 443 (1983).

Nor does the record show any compliance with the provisions of § 39-669.07(3), which in part states: "For each conviction under this section, the court shall as part of the judgment of conviction make a finding on the record as to the number of the defendant's prior convictions . . . . The defendant shall be given the opportunity to review the record of his or her prior convictions, bring mitigating facts to the attention of the court prior to sentencing, and make objections on the record regarding the validity of such prior convictions." The record before us is silent on this matter. The only reference made in the entire record to the prior convictions is in the municipal court order. There are no certified records of the prior convictions or any evidence to show whether the defendant was represented by counsel or waived such representation in those prior proceedings, or, indeed, to show what defendant was charged with. There is no showing that defendant or his counsel had any opportunity to "review the record of his . . . prior convictions, bring mitigating facts to the attention of the court prior to sentencing, and make objections on the record regarding the validity of such prior convictions" as required by § 39-669.07(3). In *State v. Smith*, 213 Neb. 446, 329 N.W.2d 564 (1983), this court decided that in a proceeding to enhance the punishment because of prior convictions, the burden remains on the State to

prove such convictions. In the case before us such proof is not present in the record.

With regard to the questions arising from the nature of defendant's plea, in *State v. Turner, supra* at 425, 183 N.W.2d at 765, this court stated that "What Boykin [*Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969)] says is that the court cannot presume a waiver of federal constitutional rights from a silent record. That case requires that a plea of guilty must not only be intelligent and voluntary to be valid but the record must affirmatively disclose that the defendant entered his plea understandingly and voluntarily."

In *State v. Tweedy, supra*, the *Boykin-Turner* rule was extended to misdemeanors resulting in imprisonment. When such imprisonment is accompanied by a lifetime suspension of a defendant's driving privileges, the necessity of proper procedures is all the clearer.

When this record is examined with regard to defendant's plea, the reviewing court cannot make even the most fundamental finding that defendant was apprised of the precise charge against him. The handwritten words, "Third Offense," inserted in the citation cannot be said to inform defendant adequately of the fact that the State of Nebraska is attempting to place him in prison for 6 months *and* revoke his operator's license for his lifetime.

Nor is there in the record presented any factual basis shown for the entry of the plea, the statement in the order of the municipal court to the contrary notwithstanding. The record is simply silent.

In *State v. Turner, supra* at 426, 183 N.W.2d at 765, this court stated: "Without specifically detailing the exact procedure to be followed, we state that the Standards Relating to Pleas of Guilty promulgated by the American Bar Association outline what should be the minimum procedure in the taking of such pleas."

Standards Relating to Pleas of Guilty § 14-1.7

(2d ed. 1982) states at 38, "A verbatim record of the proceedings at which the defendant enters a plea of guilty or nolo contendere should be made and preserved. The record should include the court's advice to the defendant (as required in standard 14-1.4), the inquiry into the voluntariness of the plea (as required in standard 14-1.5), and the inquiry into the accuracy of the plea (as required in standard 14-1.6)."

Even insofar as the defendant was informed in this case of his various rights, as evidenced by the defendant's signature on the printed forms at arraignment and the printed forms as to "waiver of rights," that practice must be supplemented in some way by a verbatim record of the dialogue between the court and defendant—even in as minimal a degree as a question directed to defendant asking him if he can read. See, generally, *Blackledge v. Allison*, 431 U.S. 63, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977).

Again we state that we recognize that additional mechanical burdens are being imposed both on the prosecutors and the trial courts by our holdings as to the responsibility resting on the trial judge—which responsibility can only be intelligently satisfied when the prosecutor files a complaint against a defendant which adequately sets forth the charge to which defendant is pleading. But, as stated in the concurring opinion of Justice Powell in *Blackledge v. Allison, supra* at 84: "The case before us today is not necessarily an example of abuse of the system. It *is* an example, however, of how finality can be frustrated by failure to adhere to proper procedures at the trial court level. I do not prejudge the ultimate result in this case by saying that respondent's guilty plea may well have been made knowingly and voluntarily. The case is here, five years after respondent's conviction, and following review by the North Carolina courts, the United States District Court, and the Court of Appeals for the Fourth Circuit, primarily because the record before us leaves

room for some doubt as to the reliability of the procedure followed with respect to the guilty plea. All that we have in the record, as a basis for testing the possible merit of respondent's petition, are answers to a printed form certified by the trial judge. We do not know whether anything was said by the judge, the prosecutor, or counsel for respondent, other than the questions read from the form and the monosyllabic answers by respondent. There was no transcript of the proceedings.

". . . If all participants in the process at the plea stage are mindful of the importance of adhering carefully to prescribed procedures and of preserving a full record thereof, the causes of justice and finality both will be served."

We recognize that defendant in this case did not assign as error the issues concerning defendant's plea, the absence of proof of the prior convictions, or the deprivation of the opportunity to review such convictions and make objections as provided for in § 39-669.07(3). This court, however, reserves the right to note and correct plain error which appears on the face of the record, in furtherance of the interests of substantial justice. *Wittwer v. Dorland*, 198 Neb. 361, 253 N.W.2d 26 (1977).

As stated above, we are mindful of the fact that effecting proper procedures may place additional burdens on municipal and county courts, and on prosecutors prosecuting defendants in such courts. It must be recognized, however, that imprisonment plus a lifetime suspension of driving privileges constitutes an extremely serious penalty. Such sanctions may well be necessary in particular cases, but the decision to impose the sanctions must be reached within the framework of constitutional procedures.

For the above reasons, the judgment of the District Court affirming the judgment of the municipal court is reversed, and the cause is remanded for

further proceedings, beginning with the arraignment of defendant.

REVERSED AND REMANDED
FOR FURTHER PROCEEDINGS.