STATE OF NEBRASKA, APPELLANT, v. THOMAS M. ZIEMBA, APPELLEE.

346 N.W.2d 208

Filed February 24, 1984. No. 83-501.

J. Patrick Kelly, Sarpy County Attorney, and Michael D. Wellman, for appellant.

Owen A. Giles and John S. Barrett, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

This is a proceeding under Neb. Rev. Stat. § 29-2315.01 (Cum. Supp. 1982) to review an order of the district court made on June 6, 1983, reversing the judgment of the county court, vacating the sentence imposed by the county court, and remanding the cause to the county court for imposition of sentence.

After this court had granted leave to docket the proceeding, the defendant moved to dismiss the proceeding on the ground that there had been no final order from which the defendant could appeal to this court. The statute permits a review of "any ruling or decision of the court made during the prosecution of a cause." The application for leave must be presented within 20 days after the final order has been entered in the cause. § 29-2315.01.

The order of the district court made on June 6,

1983, was a final order so far as the ruling now being questioned is concerned. The trial court in this instance was the county court, and the order for which review is sought is the order of the district court *on appeal*, reversing the judgment of the county court, vacating the sentence, and remanding the cause for imposition of sentence.

The situation in this case is similar to that in *State v. Amick*, 173 Neb. 770, 114 N.W.2d 893 (1962), where the district court sustained a motion to quash in an appeal from the municipal court where the defendant had been found guilty of violating a municipal ordinance and fined $100 and costs. In the *Amick* case this court reversed the judgment of the district court and remanded the cause. See, also, *State v. Hutter*, 145 Neb. 798, 18 N.W.2d 203 (1945).

In a complaint filed in the county court on August 25, 1982, the defendant, Thomas M. Ziemba, was charged with third offense driving while intoxicated. A second count charging driving under suspension was dismissed later.

The record shows that the following took place at a group arraignment in the county court on September 13, 1982: "THE COURT: Good morning, be seated, please, in the courtroom. We are on the record. Matters that come before the Court, at this time, arraignments under State Statutes and City Ordinances. I will first of all advise you as to courtroom proceedures [sic], as your name is called if you would then come foreward [sic] before the microphone, out here in front of the bench. At which time you will be informed of the charge that has been filed against you, by the county attorney for Sarpy County. You will also be informed of the possible penalty on conviction. At arraignment, as we are having here this morning, you have a choice to make. First of all, you may plead guilty and if you do that a penalty within that prescribed by Statute will be assessed. You can then take the complaint back down to the traffic fine window, at the clerk of

court, and arranges [sic] there for payment of any fines assessed. Secondly, you may plead not guilty and if you do that your case will be set for trial at a later date. And you are entitled to have a bond set on condition of further appearances. Finally, you are entitled for a continuance for further arraignment, if you intend to consult with your attorney, or for some other good reason. Also advise you as to you [sic] constitutional rights. At trial you have a right to a fair and impartial trial, by jury, in the case of misdemeanors where the state has the burden of proving the charge beyond a reasonable doubt. You have a right to be present at trial, with your attorney, to confront the witnesses that would appear against you and to cross examine them. If the charge carries a possible jail sentence, on conviction, you have a right to a court appointed public defender, that is an attorney at public expense, if you ask for an attorney and if you further qualify, by being indegent [sic] as defined by law. You would have the further right at trial to present your evidence. And in that regard to have the subpoena powers of the court for the attendance of your witnesses. The right to remain silent, yourself. That is, you would not have to testify at trial, unless you would choose to do so. Finally, you would have the right to appeal these proceedings and the decision of this Court, on the record, to district court. Now this morning, deputy county attorney, Miss Gryva is prosecuting. You may call your cases.

"MISS GRYVA: Thomas M. Ziemba. Z-I-E-M-B-A. Charged with driving while intoxicated, third offense, and driving under suspension.

"THE COURT: All right. Mr. Ziemba, the complaint here docket 74, page 748, charges you with two counts of misdemeanor, as you have been informed. Do you understand these charges, or do you wish to have this complaint read to you?

"MR. ZIEMBA: No, Sir, I understand them.

"THE COURT: Now even though this charges a

third offense, on this complaint, I am going to give you the possible penalty, on conviction, under this new law for first, second and third offense. Now, this is known as a Class W misdemeanor and for a first conviction, seven days imprisonment with a six months license suspension and a $200 fine, if probation is granted license suspension for a minimum of 60 days. Second conviction, 30 days imprisonment with a one year license suspension and $500 fine, if probation is granted minimum six months license suspension and 48 hours jail. Third conviction, three months minimum imprisonment, to six months maximum imprisonment, permanent license suspension or revocation and a $500 fine, if probation is granted a seven day imprisonment with one year license suspension. And also to Count II, the driving under suspension, work permit, which is listed as a Class IV misdemeanor on conviction, the possible penalty on that would be a minimum fine $100, maximum $500. Do you understand your rights to a trial and to an attorney?

"MR. ZIEMBA: Yes, Sir.

"THE COURT: And are you ready, this morning, to waive those rights and proceed, here, to a plea on these charges?

"MR. ZIEMBA: Yes, Sir, I would rather waive rights.

"THE COURT: Okay. Then how do you plead to, then, to the charges?

"MR. ZIEMBA: Guilty."

The county court then determined that there was a factual basis for the plea, continued the matter for a presentence investigation, and announced that a hearing regarding prior convictions would be held at the time of sentencing. The defendant failed to appear before the probation officer and did not appear on October 8, 1982, the date set for sentencing.

At a sentencing hearing on November 5, 1982, the court noted that the defendant had been convicted of driving while intoxicated on January 20, 1979, and

again on November 13, 1980. The defendant was fined $500; his operator's license and driving privileges were suspended permanently; and he was sentenced to jail for 3 months.

Upon appeal to the district court that court found that "the record affirmatively supports a finding the defendant was properly advised of his constitutional rights and he effectively waived them in entering pleas of guilt."

The district court further found that the defendant "was never advised of his right to present mitigating facts or object to the validity of the prior convictions" as required by Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1982). The sentence was vacated and the cause remanded for a determination of the number of prior offenses by the defendant.

At a sentencing hearing in the county court on March 25, 1983, the State offered certified copies of the record of two prior convictions, which were received over objection. The defendant was then allowed to testify concerning the two previous convictions. The defendant admitted that he had waived his right to counsel in both cases. At the conclusion of the hearing the court found that the offense charged was a third offense and fined the defendant $500, sentenced him to jail for 3 months, and permanently suspended the defendant's license. The defendant again appealed to the district court.

Upon the second appeal the district court, on June 6, 1983, found that the records of the prior convictions offered in the county court at the second sentencing hearing on March 25, 1983, were insufficient and that testimony by the judge presiding at the hearing or a verbatim transcript of the hearing was necessary to prove a voluntary and intelligent waiver of constitutional rights. The finding of the county court that the defendant was guilty of third offense driving while intoxicated was vacated; the defendant was found guilty of first offense driving while intoxicated; and the cause was remanded to

the county court for sentencing. It is to review that order of the district court that the State has prosecuted error proceedings.

The State contends that proof of prior convictions was unnecessary because the defendant pleaded guilty to third offense driving while intoxicated at the arraignment in county court on September 13, 1982.

In *State v. Feagin*, 196 Neb. 261, 262, 242 N.W.2d 124, 124-25 (1976), we stated: "The plea of guilty eliminated the necessity of proof of the prior convictions or that the defendant had been represented by counsel or had knowingly and intelligently waived his right to counsel at the time of those convictions."

In the *Feagin* case the defendant, who had pleaded guilty to third offense driving while intoxicated, argued that the court erred in considering the prior convictions alleged in the information when sentencing him. We stated that "[a] plea of guilty waives all defenses to the charge whether procedural, statutory, or constitutional." *Id.* at 262, 242 N.W.2d at 125. See, also, *State v. Falcone*, 212 Neb. 720, 325 N.W.2d 160 (1982); *State v. Herren*, 212 Neb. 706, 325 N.W.2d 151 (1982).

In *Feagin*, as in this case, the complaint alleged the facts concerning the prior convictions. In *State v. Prichard*, 215 Neb. 488, 339 N.W.2d 748 (1983), the complaint alleged no facts concerning the prior convictions and contained only the words "Third Offense."

*Feagin* was decided in 1976, prior to our decisions in *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981); *State v. Smith*, 213 Neb. 446, 329 N.W.2d 564 (1983); *State v. Kucera*, 215 Neb. 337, 338 N.W.2d 443 (1983); and *State v. Prichard, supra*; and prior to the 1982 amendments to § 39-669.07.

The basic principle stated in *Feagin* remains unchanged: a valid plea of guilty waives all defenses to the charge, whether procedural, statutory, or constitutional. However, there are now additional re-

quirements that must be complied with in taking a valid plea of guilty to a misdemeanor charge, and a more complete record must be made to establish that the plea was a valid plea. Although driving while intoxicated is but one offense, *Haffke v. State*, 149 Neb. 83, 30 N.W.2d 462 (1948), it is essential that the accused be advised at the arraignment whether he is charged with a first, second, or third offense, because the punishment varies depending upon whether it is a first, second, or third offense. A plea cannot be voluntarily or intelligently made if the accused is not advised as to the maximum penalties which may be imposed and the facts which the State relies upon if the offense charged is other than a first offense.

Since both second and third offense driving while intoxicated are now misdemeanors, where the accused elects to enter a plea of guilty, the enhancement and sentencing proceeding may immediately follow the arraignment so that the entire matter may be disposed of at one hearing.

In addition to satisfying the requirements set out in *State v. Tweedy, supra,* in regard to accepting pleas of guilty in misdemeanor cases, the enhancement proceeding must satisfy the requirements set out in § 39-669.07 and *State v. Smith, supra. State v. Prichard, supra.* The transcript of a judgment used to prove a prior conviction must show that at the time of the conviction the defendant was represented by counsel or waived his right to counsel. A defendant may, as in *State v. Smith, supra,* object to the admission of the record of a prior conviction on the basis that the record does not affirmatively establish that he was represented by counsel or waived his right to counsel. A transcript of judgment which does not contain such an affirmative showing is not admissible and cannot be used to prove a prior conviction. *State v. Smith, supra.*

Section 39-669.07(3) now provides that "[t]he defendant shall be given the opportunity to review the

record of his or her prior convictions, bring mitigating facts to the attention of the court prior to sentencing, and make objections on the record regarding the validity of such prior convictions.''

There is no requirement that the State prove a prior conviction by a transcript of the judgment if the defendant admits that he was in fact convicted as alleged in the complaint. However, in accepting such a waiver the trial court must address the defendant and ascertain that he was represented by counsel at the time of the prior conviction or waived his right to counsel.

In either event the trial court is required to advise the defendant that he has a right to review the record of the prior conviction, bring mitigating facts to the attention of the court prior to sentencing, and object to the validity of the prior conviction as provided in § 39-669.07. The defendant, however, cannot relitigate the former conviction in the enhancement proceeding. *State v. Smith*, 213 Neb. 446, 329 N.W.2d 564 (1983). After being advised of his rights under § 39-669.07, the defendant may waive any or all of those rights. The trial court may then impose sentence or order that a presentence investigation be made.

To the extent that *State v. Feagin*, 196 Neb. 261, 242 N.W.2d 124 (1976), implies that the procedures just described are not essential to a valid plea of guilty and sentence, it is disapproved. To the extent that *State v. Prichard*, 215 Neb. 488, 339 N.W.2d 748 (1983), suggests that proof of prior convictions may not be waived and that the rights under § 39-669.07(3) may not be waived, it is disapproved.

A defendant who has entered a guilty plea may, on direct appeal, challenge the validity of his plea. On the first appeal to the district court, Ziemba argued that the arraignment was constitutionally infirm because the record did not affirmatively establish that he was present in the courtroom when the court advised the group of defendants of their rights. The

district court rejected that argument and found that the plea was valid.

In *State v. Tweedy*, 209 Neb. 649, 652, 309 N.W.2d 94, 96-97 (1981), quoting *State v. Turner*, 186 Neb. 424, 183 N.W.2d 763 (1971), we said that " 'a plea of guilty must not only be intelligent and voluntary to be valid but the record must affirmatively disclose that the defendant entered his plea understandingly and voluntarily.' " The record must demonstrate that the defendant was advised of his right to a jury trial, his right to confront witnesses against him, and of the privilege against self-incrimination. *State v. Tweedy, supra*. In order to make an intelligent and voluntary plea where there has been a group arraignment, the defendant must have been present when the court advised those charged of their constitutional rights. The record must disclose that defendant was present at that time. See *State v. Smith, supra*.

In *State v. Turner, supra*, we held that while a defendant's attention need not be directed to each constitutional right and a separate waiver be obtained for each, the court must personally examine the defendant to ensure that he understands that his guilty plea waives those rights. See, also, *United States v. Crook*, 526 F.2d 708 (5th Cir. 1976); *United States v. Fels*, 599 F.2d 142 (7th Cir. 1979).

In the *Fels* case the court advised three defendants at one time of their constitutional rights. The court of appeals held that Fed. R. Crim. P. 11(c), which requires the court to personally address the defendant, had been complied with because the record showed that the court had called the attention of all three defendants to the fact that he was speaking to them. The court of appeals also suggested the use of a checklist to ensure that the defendant is fully advised as to his constitutional rights which will be waived by a plea of guilty.

In the present case the record shows that after the group arraignment the county court merely inquired

of the defendant if he understood his rights to a trial and to an attorney. The record does not show that the defendant was present in the courtroom at the time the court advised the group of defendants of their rights. A conviction cannot be sustained where the record does not affirmatively show that the defendant waived his rights with a knowledge based upon a court advisement of those rights. *State v. Tweedy, supra.* We conclude that the record fails to show a valid plea of guilty.

The records of the prior convictions which were offered at the second sentencing hearing in the county court on March 25, 1983, consisted of certified copies of the complaints and checklists used by the county court at the hearings.

The checklist in the first case shows, through use of the judge's initials "JLC," that the following took place:

"ARRAIGNMENT Held 4/9/79 Defendant present s/JLC With Counsel Waived

Constitutional rights explained s/JLC Explanation waived _____

Understands rights s/JLC yes ____ no State's counsel Mary Gryva

Penalty explained s/JLC yes ____ no Jail sentence possible s/JLC yes ____ no ____ waived

Understands elements of offense s/JLC Understands penalty s/JLC

"PLEA Date: 4/9/79 Counts: Guilty s/JLC No contest ____ Not guilty ____

Changed _____ Guilty _____ No contest _____ Not guilty _____

Admits guilt: ____ yes ____ no Factual basis for plea: s/JLC yes ____ no

Wants guilty plea accepted notwithstanding possible innocence _____

Plea voluntary s/JLC yes ____ no Intelligently entered s/JLC yes ____ no"

The checklist for the second conviction shows similar initialed information and reveals that Ziemba

appeared without counsel and pleaded guilty to that charge following an advisement of his rights. The judge noted that the plea was made voluntarily, intelligently, and upon a factual basis.

The State contends that the district court's finding that the checklists did not constitute an adequate record of the prior arraignments was erroneous; that it was error for the trial court to conclude that the checklist was not part of the record or transcript; and that it was error for the trial court to conclude that absent either a verbatim transcript or testimony from a judge regarding the making of the guilty plea, the standards of *State v. Smith*, 213 Neb. 446, 329 N.W.2d 564 (1983), cannot be met.

Under certain circumstances a checklist authenticated by the signature or initials of the judge can be considered a part of the record. Such a checklist may serve to affirmatively establish that defendant made an intelligent and voluntary guilty plea. Such a checklist must comply with *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981).

Neb. Rev. Stat. § 25-1301(2) (Reissue 1979) provides: "Rendition of a judgment is the act of the court, or a judge thereof, in pronouncing judgment, accompanied by the making of a notation on the trial docket, or one made at the direction of the court or judge thereof, of the relief granted or denied in an action."

The checklists used by the county court were similar to the notations on the trial docket made in the rendition of judgment. § 25-1301. As such they were properly a part of the record.

Moreover, we note that the checklists may form a part of the "common-law record," since they are part of the written history of the proceedings drawn by the proper officer. In *United States v. Taylor*, 147 U.S. 695, 698-99, 13 S. Ct. 479, 37 L. Ed. 335 (1893), the Court said: "A record is substantially a written history of the proceedings from the beginning to the end of the case, but nothing which is not properly

matter of record can be made such by inserting it therein. . . .

". . . Perhaps the most satisfactory definition of a common law record in a criminal case under the American practice is found in *McKinney v. People*, 7 Illinois, 540, 551, wherein it is said: 'In a criminal case, after the caption stating the time and place of holding the court, the record should consist of the indictment properly endorsed, as found by the grand jury; the arraignment of the accused, his plea, the impanelling of the traverse jury, their verdict, and the judgment of the court. This in general is all that the record need state.' "

In *Garguilo v. Moore*, 156 Conn. 359, 364, 242 A.2d 716 720 (1968), the court stated: "Usually, a record in a judicial proceeding is 'a precise history of the suit from its commencement to its termination, including the conclusion of law therein, drawn by the proper officer for the purpose of perpetuating the exact state of facts.' "

Courts in other jurisdictions have held similar entries to constitute a part of the record. In *Shanahan v. Boston & Northern St. R'y.*, 193 Mass. 412, 413, 79 N.E. 751 (1907), the court stated that "the cases are before us on a copy of the docket entries, supplemented by an agreed statement of the parties . . . . Until formally extended these entries constitute the record . . . ." In *State v. Simpson*, 91 Me. 77, 39 A. 286 (1897), it was said: "The docket is deemed to be the record until a more extended record is made, and the same rules of imported verity apply to the docket entries as to the completed record." See, also, *People v. Lee*, 39 Ill. App. 3d 750, 350 N.E.2d 580 (1976), in which a checklist similar to that used herein was impliedly deemed part of the record.

Since a checklist may constitute a part of the record, it can serve to affirmatively establish a voluntary and intelligent waiver of rights within the rules set forth in *State v. Tweedy, supra*, and *State v. Smith, supra*.

The district court held that absent either a verbatim transcript or testimony from the presiding judge, an appellate court would not be able to determine whether a valid waiver of rights occurred. We have held that the validity of certain proceedings may be proven by something less than a verbatim transcript.

In *State v. Martin*, 198 Neb. 811, 255 N.W.2d 844 (1977), the defendant argued that the record did not adequately reflect that the jury was sworn. The only indication that the jury had been sworn was found in a journal entry by the court. We stated: "In this case there is an affirmative showing in the record that the jury was sworn. A journal entry in a duly authenticated record imports verity, and it is sufficient to support a finding unless there is proof to the contrary." *Id.* at 816, 255 N.W.2d at 848.

In *State v. Hall*, 188 Neb. 130, 195 N.W.2d 201 (1972), the verbatim transcript of the rendition of the guilty plea was lost. Defendant argued that the plea should therefore be vacated. We stated at 134, 195 N.W.2d at 204: "We think it wholly unrealistic to determine that the loss of the actual record of proceedings should require the vacation of a guilty plea even where the State has established by other evidence [testimony of the judge] a reasonably accurate account of what took place. Such a record is not a 'silent record' even though it speaks with less authority than the verbatim record of the proceedings required under section 1.7, American Bar Association Standards Relating to Pleas of Guilty, previously adopted by this court in State v. Turner, 186 Neb. 424, 183 N.W.2d 763."

In *People v. Hopping*, 60 Ill. 2d 246, 252, 326 N.E.2d 395, 398-99 (1975), the court, quoting *Mayer v. City of Chicago*, 404 U.S. 189, 92 S. Ct. 410, 30 L. Ed. 2d 372 (1971), stated: "The Supreme Court has pointed out:

" 'A "record of sufficient completeness" does not translate automatically into a complete verbatim

transcript. We said in *Griffin* [*v. Illinois*, 351 U.S. 12, 76 S. Ct. 585, 100 L. Ed. 891 (1956)] that a State "may find other means [than providing stenographic transcripts for] affording adequate and effective appellate review to indigent defendants." 351 U.S., at 20, [100 L. Ed. at 899]. We considered this more fully in *Draper v. Washington, supra* [372 U.S. 487, 83 S. Ct. 774, 9 L. Ed. 2d 899 (1963)], at 495-496, [9 L. Ed. 2d at 905]:

" ' "Alternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events of trial from which the appellant's contentions arise. A statement of facts agreed to by both sides, a full narrative statement based perhaps on the trial judge's minutes taken during trial or on the court reporter's untranscribed notes, or a bystander's bill of exceptions might all be adequate substitutes, equally as good as a transcript. . . ." ' "

In *Twyman v. State*, 293 Ala. 75, 82, 300 So. 2d 124, 131 (1974), the court said, "In *Boykin*, the court said the affirmative showing must be made, but the court did not say that the showing must be made by the transcript and certificate of the court reporter."

In *People v. Kline*, 16 Ill. App. 3d 1017, 307 N.E.2d 398 (1974), the court found that the minutes of the court clerk were sufficient to establish a valid guilty plea. "The only 'record' before us of the guilty plea proceedings is that shown by the minutes of the court clerk. Such minutes, brief in form and limited in scope, recite that the defendant tendered a plea of guilty, that he then was 'advised by the Court as to his rights and the possible consequences upon his said plea of guilty entered herein'; that the court explained to him 'his full legal and constitutional rights in the premises, and his right to a trial by a jury and to require proof of the charged offense beyond all reasonable doubt, and to confront and cross-examine witnesses'; that the defendant waived his right to a jury trial and persisted in his plea; and

that the court accepted the plea and adjudged the defendant guilty. The presumption is that the common law record imports verity unless contradicted by other facts in the record." *Id.* at 1021, 307 N.E.2d at 402-03.

In *People v. Lee*, 39 Ill. App. 3d 750, 752-53, 350 N.E.2d 580, 582-83 (1976), the court stated: "The only basis upon which defendant asserts his claim for reversal is that he is entitled to such reversal simply by virtue of the fact that a detailed record of defendant's guilty plea was not made. In the case of *People v. Hopping*, 60 Ill. 2d 246, 326 N.E.2d 395, which stems from two cases arising in this district *(People v. Hopping*, 16 Ill. App. 3d 275, 305 N.E.2d 610; *People v. Kline*, 16 Ill. App. 3d 1017, 307 N.E.2d 398), the Supreme Court specifically found that the failure to have verbatim transcripts of proceedings setting forth the details of the entry of the guilty plea did not require that convictions of defendants be set aside, when such defendants do not take advantage of available procedures to compile a proper record and who did not move to set aside the judgments of conviction. The court indicated that the preservation of a complete record, on the basis of which to appraise attacks made on judgments of conviction, had not been transformed into a constitutional requirement by the adoption of rules relating to verbatim transcripts with respect to waivers of counsel and admonitions to defendant in connection with entry of a plea of guilty."

In *Crew v. Nelson*, 88 S.D. 162, 166, 216 N.W.2d 565, 567 (1974), the court said: "We still hold to the view that the preferred procedure is for the court to actively participate in advising the accused of his rights on the record before permitting the entry of a guilty plea. We merely hold here that where the court fully advised defendant of his rights but failed to make a stenographic record of the same pursuant to the usual procedure in misdemeanor courts to date, that this lack of a written record does not viti-

ate the plea. In accordance with Merrill we will consider collateral evidence from the trial judge which clearly shows that the petitioner was aware of his constitutional rights and that he understood those rights at the time of plea.''

We conclude that a verbatim transcript of the rendition of a guilty plea is not constitutionally required, nor does absence of such a transcript require a finding that the plea was invalid. A checklist or other docket entry which is sufficiently complete to comply with the requirements of *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981), *State v. Smith*, 213 Neb. 446, 329 N.W.2d 564 (1983), and the requirements previously set out in this opinion can establish a valid waiver. A checklist or other such docket entry which is made by one authorized to make it imports verity, and unless contradicted it stands as a true record of the event. To the extent that *State v. Prichard*, 215 Neb. 488, 339 N.W.2d 748 (1983), implies that a verbatim transcript is necessary, it is disapproved. The constitutional minimum is that there be a record showing that defendant waived his rights knowingly and voluntarily.

EXCEPTIONS SUSTAINED IN PART,

AND IN PART OVERRULED.

WHITE, J., concurs in the result.