STATE OF NEBRASKA, APPELLEE, V. MIKE ELLIS,
APPELLANT.

345 N.W.2d 323

Filed March 2, 1984.   No. 83-518.

Kathryn A. Olson, for appellant.

Paul L. Douglas, Attorney General, and Ralph H.
Gillan, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS,
CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.
In his sole assignment of error the defendant-
appellant, Mike Ellis, challenges his sentence as be-
ing excessive.  Because of a plain error, we do not
reach that assignment; we reverse the judgment of
the trial court and remand for further proceedings
not inconsistent with this opinion.
On September 4, 1979, an information was filed charg-
ing that Ellis "did, on or about the 4th day of October
A.D. 1978, . . . feloniously with intent to defraud make
and deliver a check in the amount of $26.78 to the Ce-
dar Motel, Randolph, Nebraska, drawn upon the 1st
State Bank of Randolph, Randolph, Nebraska know-
ing at the time of such making that he did not have
an account for such check in said bank, and

"on or about February 6, 1976, said Mike Ellis was convicted of the offense of issuing a [sic] Insufficient Fund Check in the County Court of Cedar County, Nebraska, and the offense first above complained is a subsequent offense under Neb. Rev. Stat. 28-1212 (2) Reissue 1975 . . . ."

At the time in question Neb. Rev. Stat. § 28-1212 (Reissue 1975), since repealed and replaced with Neb. Rev. Stat. § 28-611 (Reissue 1979) as of January 1, 1979, provided: "Any person who, with intent to defraud, shall make or draw, utter or deliver any check, draft, assignment of funds, or order for the payment of money upon any bank, cooperative credit association, or other depository knowing, at the time of such making, drawing, uttering, or delivering, that the maker or drawer has no account or deposit in such bank, cooperative credit association, or depository, upon conviction thereof, shall be punished as follows: (1) If such check, draft, order or assignment of funds so issued be for a sum not exceeding seventy-five dollars, the person so convicted shall be fined in any sum not less than five dollars nor more than five hundred dollars, or shall be imprisoned in the county jail not more than six months, or be both so fined and imprisoned, at the discretion of the court, and shall pay the costs of prosecution; or (2) if such check, draft, order or assignment of funds so issued be for a sum greater than seventy-five dollars, or if any person shall have been previously convicted of issuing a check, draft, order or assignment of funds under one hundred dollars, the person so convicted shall be imprisoned in the Nebraska Penal and Correctional Complex not exceeding ten years, or be imprisoned in the county jail not exceeding one year, or be fined not less than fifty dollars nor more than five thousand dollars, or be both so fined and imprisoned, at the discretion of the court. Any such instrument given in payment for lodging or other accommodations at any apartment house, hotel or motel shall be presumed to have

been given with intent to defraud, but such presumption may be rebutted.''

On December 6, 1979, Ellis withdrew his prior plea of not guilty and entered one of guilty. This change in pleas was precipitated by an agreement with the Cedar County attorney, who promised to recommend that any sentence Ellis was to receive be served concurrently with sentences he was already serving. Ellis admitted writing a no-fund check to the Randolph motel. The trial judge then, after informing Ellis of the rights he was waiving by entering a guilty plea, accepted Ellis' new plea.

After reviewing the presentence report the trial judge sentenced Ellis to a term of not less than 1 nor more than 5 years at the Nebraska Penal and Correctional Complex, to be served concurrently with two consecutive 6-month terms he was already serving.

In his brief before this court Ellis assigns as the sole error of the trial court the claim that the sentence he received was an excessive one. Due to the approach taken, we find it unnecessary to rule on that assignment of error. This court is not bound by the appellant's assignments of error, but can, at its option, address issues presented by plain error on the part of the trial court. Neb. Rev. Stat. § 25-1919 (Reissue 1979); *State v. Prichard*, 215 Neb. 488, 339 N.W.2d 748 (1983).

Under § 28-1212 (Reissue 1975) one convicted of issuing a no-fund check for less than $75 could, absent the prior conviction specified in § 28-1212(2), only have been fined from $5 to $500, or imprisoned for no more than 6 months in a county jail, or have been both so fined and imprisoned. If a person previously convicted under § 28-1212 of issuing a no-fund check *for less than $100* was subsequently convicted of issuing a no-fund check not exceeding $75, that person might have been imprisoned in the penal complex for no more than 10 years, or imprisoned in the county jail for no more than 1 year, or fined not

less than $50 nor more than $5,000, or have been both so fined and imprisoned.

So far as the record reflects, at the time Ellis' guilty plea was accepted, the prosecution presented no evidence that Ellis had been previously convicted of issuing an insufficient-fund check of less than $100 on February 6, 1976, as charged. While the trial judge made inquiry of the facts surrounding the Randolph motel check, he made no finding that Ellis had been previously convicted of issuing an insufficient-fund check on February 6, 1976. Ellis' presentence report shows no February 6, 1976, conviction. That report reflects that on February 9, 1976, no-fund check charges were dropped by the Cedar County attorney. The presentence report does disclose that Ellis was convicted of either no-fund or insufficient-fund check charges on three occasions prior to February 6, 1976; however, it does not disclose the amounts of the checks, unless that can be inferred from the amount of restitution ordered, nor does it disclose whether Ellis had or waived counsel at those proceedings.

In *State v. Smith*, 213 Neb. 446, 329 N.W.2d 564 (1983), a case detailing the requisite proof for enhancing the penalty for driving while intoxicated due to previous driving-while-intoxicated convictions, we held that in an enhancement proceeding the burden remains with the State to prove the prior convictions, and proof that the prior convictions were obtained in a proceeding wherein the defendant was either afforded counsel or informed of his right to counsel is a necessary part of that burden. See, also, *State v. Ziemba, ante* p. 612, 346 N.W.2d 208 (1984); *State v. Kucera*, 215 Neb. 337, 338 N.W.2d 443 (1983); *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981); *Addison v. Parratt*, 208 Neb. 459, 303 N.W.2d 785 (1981).

In *State v. Feagin*, 196 Neb. 261, 242 N.W.2d 124 (1976), we held that a plea of guilty to a charge of third offense driving while intoxicated eliminated

the necessity of proof of the prior convictions or that they were attended by an admonition to the defendant that he was entitled to counsel, or was in fact represented by an attorney. We recently modified that rule in *State v. Ziemba, supra,* in recognition that the law regarding the validity of guilty pleas has undergone a metamorphosis since the time *Feagin* was decided. See the above-cited cases.

While our opinion in *Ziemba* was concerned with the effect of Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1982), what was stated therein is applicable to this case. "There is no requirement that the State prove a prior conviction by a transcript of the judgment if the defendant admits that he was in fact convicted as alleged in the complaint. However, in accepting such a waiver the trial court must address the defendant and ascertain that he was represented by counsel at the time of the prior conviction or waived his right to counsel." *Ziemba, supra* at 620, 346 N.W.2d at 214.

In *State v. Sare,* 209 Neb. 91, 306 N.W.2d 164 (1981), we held that before a guilty plea to a felony could be accepted, there must be a factual basis for that plea. See, also, *State v. LeGear,* 187 Neb. 763, 193 N.W.2d 763 (1972); ABA Standards for Criminal Justice § 14-1.6 (1982). We also held that the factual basis could be supplied by inquiry of the defendant, inquiry of the county attorney, or examination of the presentence report. A necessary component of that factual basis, in cases where an enhanced penalty, amounting to incarceration due to prior convictions, is imposed, is that those prior convictions relied upon be obtained in a situation where the defendant was informed of and given the opportunity to exercise the right to counsel. The factual basis of a guilty plea to a crime charged under an enhanced penalty provision such as § 28-1212(2) (Reissue 1975) is not supplied by a record silent as to whether the prior convictions were obtained by affording the defendant an opportunity to exercise his sixth amend-

ment right to counsel. "Where a record is silent as to a defendant's opportunity for counsel, we may not presume that such rights were respected." *State v. Smith, supra* at 449, 329 N.W.2d at 566.

The record in the present case is silent in that regard, and, pursuant to the sixth amendment to the U.S. Constitution and article I, § 11, of the Constitution of the State of Nebraska, Ellis' conviction must be reversed.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.