STATE OF NEBRASKA, APPELLANT, V. STEVEN J. SCHAF, APPELLEE.

355 N.W.2d 793

Filed October 5, 1984.   No. 84-177.

Vincent Valentino, York County Attorney, and Charles W. Campbell, for appellant.

Ronald E. Colling and Philip H. Nyberg, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

On October 25, 1983, Steven J. Schaf, appellee, was arraigned in the county court for York County on the charge of driving while under the influence of alcoholic liquor. See Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1982). With his attorney, Schaf appeared for arraignment and entered a guilty plea to the charge. After Schaf's guilty plea an enhancement proceeding was held on November 22 to determine whether Schaf had been previously convicted of driving while under the influence of alcoholic liquor. At the enhancement hearing, and over Schaf's objection, the court admitted a certified transcript of Schaf's conviction on July 16, 1982, in the county court for Polk County for the offense of driving while under the influence of alcoholic liquor.

The certified transcript of the judgment in the county court for Polk County reflected Schaf's appearance with counsel before the county judge. The Polk County judgment was signed by the county judge and showed on its face:

On this <u>16th day</u> of <u>July, 1982</u>, above-named defendant appeared ( ) without counsel (X) with counsel, for (X) TRIAL ( ) SENTENCING ( ) HEARING on the complaint charging <u>Count 1 - Driving Without Headlights; Count 2- Minor in Possession; Count 3 - Driving Under the Influence of Alcohol.</u> (X) County (Deputy) Attorney ( ) City (Deputy) Attorney (X) appeared ( ) was excused and presence waived by defendant.

DEFENDANT ( ) requested court-appointed counsel ( ) waived right to counsel and requested to proceed.

( ) DEFENDANT TO FILE AFFIDAVIT OF

FINANCIAL STATUS.

MATTER CONTINUED TO_____
on request of ( ) defendant ( ) State.

(X) Defendant requested leave to withdraw his previously tendered plea of not guilty to Count(s) 3 and entered a plea of guilty to Count(s) 3. State asked leave to ( ) Amend Count(s)_____to_____Amend Complaint to read To dismiss Counts 1 & 2.

On defendant's plea(s) of guilty, the court finds that the defendant is competent, understands the nature of the charges against him/her and the possible penalties, both minimum and maximum, which may be imposed; that the defendant understands the consequences of such plea(s) and that said plea(s) waive defendant's rights to counsel, confrontation, privilege against self-incrimination and right to jury trial on misdemeanors. Further, the court finds the defendant's plea(s) were entered voluntarily and not as a result of threats or promises; and, that there is a factual basis for the plea(s). Therefore, the defendant's plea(s) are accepted and the defendant is found guilty as charged in Ct. 1( ) Ct. 2( ) Ct. 3(X) Ct. 4( ) Ct. 5( ) upon said plea(s).

The York County Court found Schaf guilty of driving while under the influence of alcoholic liquor, second offense, and sentenced Schaf to 30 days in jail, a $500 fine, and 1 year's suspension of his driver's license. Schaf appealed to the district court for York County, which, on January 23, 1984, affirmed Schaf's conviction on his guilty plea entered in the county court on October 25, 1983, but reversed the county court's judgment of an enhanced penalty resulting from the hearing of November 22. In setting aside the county court's sentence, the district court explained:

The defendant, Steven J. Schaf, freely, voluntarily, knowingly and intelligently entered a plea of guilty to driving while intoxicated on October 25, 1983.

The State has failed to prove Constitutional convictions for any other driving while intoxicated offense under the standards enunciated in State v. Prichard, 215 Neb. 488 _____ N.W.2d_____ (1983).

By reason thereof, the defendant's sentence must be and is hereby vacated.

We note that the district court decided this case almost 1 month to the day before our opinion in *State v. Ziemba*, 216 Neb. 612, 346 N.W.2d 208 (1984), which was issued on February 24, 1984. Consequently, the district court did not have the benefit of *Ziemba* when it decided Schaf's case.

The State appeals the judgment of the district court vacating Schaf's sentence, and claims the certified transcript of Schaf's conviction in Polk County can be used in enhancement proceedings.

The only issue before us is whether admission of the certified transcript of Schaf's Polk County conviction was proper to prove Schaf's prior conviction for driving while under the influence of alcoholic liquor. In *State v. Smith*, 213 Neb. 446, 329 N.W.2d 564 (1983), this court decided that in an enhancement proceeding the State has the burden to prove a prior valid conviction. In *State v. Smith, supra*, we noted the U.S. Supreme Court had held in *Baldasar v. Illinois*, 446 U.S. 222, 100 S. Ct. 1585, 64 L. Ed. 2d 169 (1980), that an uncounseled misdemeanor conviction cannot be used under an enhanced penalty statute upon a subsequent conviction. In *State v. Smith, supra* at 449, 329 N.W.2d at 566, we stated:

> We agree that in an enhancement proceeding, a defendant should not be able to relitigate the former conviction, and to that extent such conviction cannot be collaterally attacked. However, under the present circumstances, the burden remains with the State to prove the prior convictions. This cannot be done by proving a judgment which would have been invalid to support a sentence of imprisonment in the first instance. [Citation omitted.] Where a record is silent as to a defendant's opportunity for counsel, we may not presume that such rights were respected. [Citations omitted.] A defendant's objection to the introduction of a transcript of conviction which fails to show on its face that counsel was afforded or the right waived does not constitute a collateral attack on the former judgment.

In *State v. Ziemba, supra* at 619, 346 N.W.2d at 214, we held:

The transcript of a judgment used to prove a prior conviction must show that at the time of the conviction the defendant was represented by counsel or waived his right to counsel. A defendant may . . . object to the admission of the record of a prior conviction on the basis that the record does not affirmatively establish that he was represented by counsel or waived his right to counsel. A transcript of judgment which does not contain such an affirmative showing is not admissible and cannot be used to prove a prior conviction.

Further, in *State v. Ziemba, supra,* we made clear that a checklist may properly constitute a part of the record and can serve to affirmatively establish a voluntary and intelligent waiver of rights and, at 628, 346 N.W.2d at 218, that

a verbatim transcript of the rendition of a guilty plea is not constitutionally required, nor does absence of such a transcript require a finding that the plea was invalid. A checklist or other docket entry which is sufficiently complete to comply with the requirements of *State v. Tweedy,* 209 Neb. 649, 309 N.W.2d 94 (1981), *State v. Smith,* 213 Neb. 446, 329 N.W.2d 564 (1983), and the requirements previously set out in this opinion can establish a valid waiver. A checklist or other such docket entry which is made by one authorized to make it imports verity, and unless contradicted it stands as a true record of the event. To the extent that *State v. Prichard,* 215 Neb. 488, 339 N.W.2d 748 (1983), implies that a verbatim transcript is necessary, it is disapproved.

See, also, *State v. Tonge,* 217 Neb. 747, 350 N.W.2d 571 (1984).

There is no doubt that the certified transcript of Schaf's previous conviction in Polk County affirmatively established on its face that Schaf with counsel appeared before the court when Schaf entered his guilty plea. The certified copy of the transcript of proceedings in the county court for Polk County was properly admitted to prove Schaf's prior conviction. It was error for the district court to hold the certified transcript from the Polk County Court could not be used to prove Schaf's prior conviction. The State has met its burden in proving Schaf's valid prior conviction for driving while under the influence of

alcoholic liquor.

Therefore, we reverse the judgment of the district court setting aside Schaf's sentence in the county court, and this matter is remanded to the district court with directions to reinstate the judgment entered and sentence imposed on November 22, 1983, in the York County Court.

REVERSED AND REMANDED WITH DIRECTIONS.