STATE OF NEBRASKA, APPELLEE, V. THOMAS P. ROEPKA, APPELLANT.

347 N.W.2d 857

Filed April 27, 1984. No. 83-669.

John C. Schraufnagel of Cronin, Symonds & Schraufnagel, for appellant.

Paul L. Douglas, Attorney General, and Mark D. Starr, for appellee.

KRIVOSHA, C.J., WHITE, and CAPORALE, JJ., and McCOWN and BRODKEY, JJ., Retired.

CAPORALE, J.

Thomas P. Roepka was adjudged guilty, pursuant to a jury verdict, of two counts of possession of a controlled substance, to wit, cocaine and lysergic acid diethylamide. He was placed on 5 years' probation, the terms of which include a 90-day jail term. While Roepka assigns no error to the trial court in his brief, we address one issue on the basis of plain error as we are permitted, at our option, to do. Neb. Rev. Stat. § 25-1919 (Reissue 1979); State v. Ellis, 216 Neb. 699, 345 N.W.2d 323 (1984); Neb. Ct. R. 9D(1)d (1983). For the reason detailed hereinafter we vacate the judgment of conviction and remand for further proceedings consistent with this opinion.

The relevant facts begin with the circumstance that one Lyle Ruzicka failed to appear as scheduled on September 22, 1980, in the county court for Buffalo County in connection with a prosecution for petit larceny. By virtue of that failure a warrant for his arrest was issued on January 29, 1981. During that month, the State Patrol kept a trailer house located at Reimers Trailer Court in O'Neill, Nebraska, under surveillance because of suspected drug-related activity. At that time they believed that Ruzicka lived at the trailer house.

Early on the morning of May 18, 1981, law enforcement officers served a number of arrest warrants on various individuals as a result of a drug investigation. After serving the drug-related arrest warrants the Holt County sheriff suggested that they all go to the trailer and serve the arrest warrant issued January 29 on Ruzicka.

At approximately 8:45 a.m. on May 18 the Holt County sheriff, the O'Neill police chief and assistant police chief, and two troopers of the Nebraska State

Patrol working in the drug enforcement division of that agency arrived at Reimers. Upon their arrival at the trailer court the officers surrounded the trailer house they had previously kept under surveillance. Their knock on the door and acts of identification were answered when Roepka opened the door. The agents asked if Ruzicka was there. Roepka stated that Ruzicka was not there. The officers claim to have asked Roepka if they could come inside and look. One of the troopers testified that no verbal consent was given to enter but that after the door was opened Roepka backed up, indicating his consent to their entry. This same trooper testified that they intended to enter no matter what the response. The sheriff testified that Roepka stated in response to their request for entry, "Come on in and look, he ain't here." Roepka claims to have given no consent to the entry.

The trailer house was a rental unit. Ruzicka, Allan M. Mitchell, and one other roommate began renting the trailer in January of 1980. Ruzicka moved from the trailer to his parents' home in O'Neill on February 18, 1981. At the time of this incident only Mitchell and Roepka were residing at the trailer.

After the officers gained entry to the trailer, they observed marijuana plants and drug paraphernalia, and, not finding Ruzicka, asked consent of Mitchell and Roepka to further search the trailer. This request was refused. Based upon the officers' observations, a warrant was later issued to search the trailer. The search turned up a quantity of cocaine and lysergic acid diethylamide, and resulted in Roepka being charged as stated previously.

The evidence adduced by Roepka on his motion to suppress the evidence seized during the later search included a copy of the testimony offered in support of a similar motion made by Mitchell in connection with Mitchell's prosecution on a similar charge. Both motions were heard by the same district judge.

In ruling upon the motion at Mitchell's trial, the judge stated:

> The Court finds that the motion to suppress the evidence is overruled and denied because the officers were then executing a lawful warrant for the arrest of Lyle Ruzicka, and the information in their possession indicated that that trailer house probably was his residence, and their execution of or attempt to execute that warrant was lawful, and their presence in the trailer house was lawful, and they were entitled to make any observations which they could make in the process of such attempted execution.

While, in overruling Roepka's motion to suppress, the district judge did not state the reason supporting his decision, we think the basis for it is adequately reflected by his earlier ruling on the identical matter in Mitchell's case.

*Payton v. New York*, 445 U.S. 573, 100 S. Ct. 1371, 63 L. Ed. 2d 639 (1980), presented the question of whether an individual's home can be entered by police, without an arrest warrant, in order to make a routine felony arrest. The Court held that such a practice was not constitutionally permissible, and further stated at 603: "Thus, for Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which a suspect lives when there is reason to believe the suspect is within."

In *Steagald v. United States*, 451 U.S. 204, 101 S. Ct. 1642, 68 L. Ed. 2d 38 (1981), the question presented was whether an arrest warrant carried with it the authority to enter the home of a third party in order to secure the arrest of the person named in the warrant. The Court concluded that the warrantless search of a third party's home by police officers for a person named in an arrest warrant, absent consent or exigent circumstances, violated the fourth amendment rights of the third party.

The State urges us, and we agree, that there is no need to address the issue of whether *Steagald* allows the search of a third party's home which police officers reasonably believe is the residence of a person named in an arrest warrant, when in fact such is not the case. The State concedes in its brief at page 2, and we agree, that the officers in this case had no reason to believe that Ruzicka was within the trailer house occupied by Roepka at the time of their search. Even if the trailer house were Ruzicka's residence, the officers' nonconsensual entry without reason to believe Ruzicka was presently therein was not constitutionally permissible, and, thus, the district court's ruling was based upon a faulty premise.

However, the requirement for a search warrant at the time of the initial entry would be waived if that entry were to have been made with consent. *Steagald, supra.* Since there was no finding by the district court as to whether Roepka consented to the officers' entry to search for Ruzicka, this case must be remanded to the district court for such a finding, because upon such consent is premised the admissibility of the evidence seized in the later search. *Wong Sun v. United States*, 371 U.S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963).

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.